■ In the Matter of the Claim of JEAN B. CHOUTE, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 4, 1974, which reversed the decision of a referee and sustained an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective August 18, 1973 on the ground that he voluntarily left his employment without good cause by provoking his discharge. On the morning in question, claimant, a delivery man, was congregating with coemployees outside the employer's office, waiting for delivery assignments. The employees were engaged in conversation. The employer attempted to quiet the group down for the purpose of issuing instructions. Claimant is alleged to have told the employer to "shut up". The employer waited until the day's work was concluded and then discharged claimant. The board found that claimant provoked his discharge by his conduct. Respondent, while conceding that the doctrine of provoked discharge has been narrowly limited by the Court of Appeals in *Matter of James (Levine)* (34 NY2d 491), argues that the finding of the board constitutes misconduct under the *James* doctrine. We do not agree. While claimant denies that he told his employer to "shut up", we do not find his conduct to constitute misconduct, even assuming *arguendo,* that the words were in fact spoken. In *Matter of Raven (Levine)* (40 AD2d 128, 130), we stated: "The essential question is whether or not the conduct of the claimant as testified to by the employer exhibits such an utter disregard for the continuation of employment as to be equivalent to a deliberate attempt to cease employment without quitting and thus 'the discharge becomes equivalent to a voluntary leaving of employment without good cause.' *(Matter of Salit [Catherwood],* 15 AD2d 852, 853.)" Adopting the employer's testimony in its entirety as to this "isolated instance", we find this situation to be a case of "mere petty irritability" *(Matter of Raven [Levine], supra,* p 130). There is no substantial evidence to sustain the board's conclusion that claimant should have known his conduct would lead to his discharge, particularly in view of the fact that claimant was permitted to do a full day's work after the alleged incident. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Greenblott, J. P., Sweeney, Main and Larkin, JJ., concur; Kane, J., dissents and votes to affirm.