■ In the Matter of the Claim of CLAIRE HORN, Appellant. PHILLIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 7, 1976, which disqualified claimant from receiving benefits on the ground that she voluntarily left her employment without good cause and imposed a penalty for a willful failing to report that she had voluntarily left her employment. The primary question raised by this appeal is whether or not the record contains substantial evidence to support the finding of a referee, as adopted by the board, that the employment terminated by the claimant's resignation. In June of 1976 the claimant's assigned office space was changed and in her new accommodations there was no self-locking door although such an arrangement had been promised or indicated as intended prior to her move. The referee found: "In the early part of July claimant complained about the fact that there was no lock on the door. The employer advised her that a lock had been ordered. In the middle of July claimant advised her employer that she was giving him a choice of either resigning or commencing her vacation because the new lock had not yet been installed. The employer advised the claimant to take her vacation. During the first week of her vacation claimant called her supervisor to inquire about the lock. He told her that it had not yet arrived, but that it was a matter of time since it had been ordered. When claimant called again the following week insisting upon the lock the employer advised her that he had decided to accept her resignation." The referee and the board by adopting his findings have concluded that such facts establish a resignation and consequent voluntary leaving of employment. However, such a construction is so strained that it must be rejected as not supported by substantial evidence. The record as a whole does establish that the claimant did indeed offer to resign unless the lock was attended to and it is clearly established that the employer rejected

the resignation but did accept her offer to go on a vacation. She was terminated from employment while on vacation and there was no resignation for the employer to accept. While the claimant may have "provoked" her discharge, a disqualification on that basis could no longer be sustained in this case *(Matter of James [Levine],* 34 NY2d 491). The brief on behalf of respondents suggests that in any event the conduct of the claimant as to the *lock* would constitute misconduct and support a disqualification from benefits (see, e.g., *Matter of James [Levine], supra).* However, the claimant's offer of a resignation, even if considered an "ultimatum" was mutually resolved by her going on vacation. Indeed, the employer in this case never refused to supply the lock or told claimant that her demand would not be complied with. Instead of simply refusing or telling the claimant to cease demanding, she was discharged. Her employer testified that during the vacation period "I thought about the situation and decided that I wanted somebody else". While an employer may certainly terminate a claimant from employment because of personal annoyance (cf. *Matter of Raven [Levine],* 40 AD2d 128, 129), something beyond that described herein is generally required as evidence of disqualifying conduct. The employer has the right to discharge an employee but such discharge does not necessarily deprive the employee of unemployment insurance benefits. Since the record lacks any substantial evidence to support a finding that the claimant resigned or otherwise voluntarily left her employment, the finding of the referee that she made a willful false statement to obtain benefits because she knew she had resigned is likewise without support of any kind. Decision reversed, with costs to claimant, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Sweeney, J. P., Kane, Mahoney, Mikoll and Herlihy, JJ., concur.