■ In the Matter of the Claim of SANDRA TURCHIN, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 27, 1977, which

held that claimant was disqualified from receiving benefits effective July 12, 1977 because she lost employment through misconduct in connection therewith. Claimant worked as a typist at a law school. On July 11, 1977 one of the professors for whom she did work criticized the appearance of some of her typing. A discussion arose as to the reason for the poor typing. Claimant asked the professor where materials were to clean the type. The professor indicated that it was claimant's job to clean the typewriter and not his and withdrew to his office after indicating that he did not wish to continue the discussion. Claimant pursued him into his office to continue the discussion whereupon she was summarily dismissed from employment. The finding of misconduct by claimant is not based on substantial evidence. Claimant's firing resulted from her employer's pique over her annoying persistence in involving him in a discussion he considered closed. The incident does not rise to the level of insubordination which would justify a finding of misconduct. Decision reversed, with costs, and matter remitted for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney and Mikoll, JJ., concur; Larkin, J., dissents and votes to affirm in the following memorandum. Larkin, J. (dissenting). The board found, and the record supports that finding, that the acts of the claimant in persisting in following the professor into his office to continue the dialogue concerning the typewriter was insubordination and thus misconduct, a disqualifying condition *(Matter of Lester [Catherwood]*, 30 AD2d 1025). The decision should be affirmed.