■ In the Matter of the Claim of MONICA MARQUEZ, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 26, 1983, which ruled that claimant was disqualified from receiving benefits because she lost her employment due to misconduct.

Claimant worked as an assembler in the electronic assembly department of B & G Electronics, Inc., in the City of Mount Vernon, Westchester County. On November 4, 1982, she was discharged from her employment when Martin Cohen, the new supervisor of her department (appointed that very day), was showing her errors she had made in her work. Claimant accused Cohen of causing damage to the part he was showing her and blaming her for it. Cohen then asked, "What the hell are you talking about?" Within the hearing of other workers, claimant responded, "I am not going to take this shit from you anymore." Cohen then told claimant she was fired. After the incident, claimant said she spoke to her former supervisor, Felix Ruiz, who witnessed the occurrence. She stated that Ruiz told her to report on her application for unemployment benefits that she was laid off for lack of work. This she did.

However, at an interview at the local unemployment office which was held before she was awarded benefits, claimant disclosed in a signed statement the incident with Cohen and her use of profanity. Ruiz was contacted by phone by the local office at that time and indicated that it had been determined prior to the incident that claimant was to be discharged for unsatisfactory performance in her work.

The employer contested the claim for benefits made by claimant. On January 14, 1983, claimant was informed that she had been ruled ineligible for unemployment benefits by initial determination of the Commissioner of Labor as she had been discharged from her last employment for misconduct, i.e., she used profanity to a supervisor.

After an administrative hearing, the hearing officer's decision was filed February 13, 1983 finding that claimant had been

discharged for being insubordinate to a supervisor, that she had made a willful false statement to obtain benefits and that the $568 paid to her was recoverable. Claimant appealed and the Unemployment Insurance Appeal Board remitted the case for a further hearing, specifically directing that testimony be taken from Cohen and Ruiz.

The ordered hearing was conducted and Cohen and Ruiz both testified that claimant would not have been fired, despite her past unsatisfactory work record, had she not used profanity. The board subsequently found that claimant had been discharged for using profanity and affirmed the decision of the hearing officer.

There should be a reversal of the board's decision and the matter remitted to the board for further proceedings not inconsistent herewith.

Claimant's discharge for using profanity is supported by substantial evidence. She admitted to having used profanity. However, she argues that such conduct was an isolated instance which did not rise to the level of misconduct. We agree. Conduct which may justify a claimant's discharge from employment does not necessarily constitute conduct which will disqualify a person from receiving unemployment benefits (*Matter of Horn* [*Ross*], 60 AD2d 936, 937; *Matter of Llano* [*Levine*], 51 AD2d 620; *Matter of Raven* [*Levine*], 40 AD2d 128). Under circumstances, as here, where an employee could not have realized or expected that conduct insubordinate and disrespectful of a supervisor or employer would provoke the employee's discharge, such conduct has not been found to be misconduct (*Matter of Olker* [*Ross*], 78 AD2d 737; *Matter of Turchin* [*Ross*], 64 AD2d 806, 807; *Matter of Choute* [*Levine*], 48 AD2d 734, mod 39 NY2d 883).

It appears from the record that this is the first time that claimant used such language in addressing a supervisor and that her remarks were uncalculated and made under stressful circumstances. Accordingly, claimant could not have expected to be discharged for her intemperate remark.

The board's finding that she made a false statement to obtain benefits by stating on her application that she was laid off is not supported by substantial evidence. Claimant made a full disclosure of the incident with Cohen, including her use of profanity, to a representative of the Department of Labor on November 16, 1982. This disclosure was made prior to her receipt of her first benefit check on November 21, 1982. Consequently, since the local office had knowledge of events which could possibly disqualify claimant at the time it ruled claimant to be eligible for such benefits, the benefits were not paid to claimant on the basis of any willfully false statement made by her (see *Matter of*

*Saypol [Ross]*, 53 AD2d 1003, 1004; *Matter of Oster [Levine]*, 53 AD2d 740, 741-742). We therefore conclude that claimant is eligible for the benefits.

Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.