■ HAROLD GILDSTON et al., Respondents, v TRAVELERS INSURANCE COMPANY, Appellant.—In an action to recover under a homeowners' insurance policy, the defendant appeals from an order of the Supreme Court, Nassau County (Kutner, J.), entered October 10, 1985, which denied its motion to dismiss the action for failure to timely serve a complaint (CPLR 3012 [b]).

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether the plaintiffs timely served a complaint, and a new determination on the defendant's motion, in accordance herewith.

The plaintiffs seek to recover under a homeowners' insurance policy issued by the defendant, Travelers Insurance Company, for losses suffered as a result of a burglary of their home on March 10, 1982. The plaintiffs initially claimed to have suffered a $25,000 loss but subsequently increased their claim to nearly $300,000 upon their alleged discovery that a number of additional valuable items were missing. When a dispute arose over the actual amount of the loss, the plaintiffs commenced the instant action by service of a summons with notice dated March 9, 1983. Thereafter, on April 7, 1983, the defendant served a notice of appearance and demand for a complaint.

On or about March 4, 1985, new counsel was substituted for the plaintiffs' original counsel. Upon reviewing the file, however, neither the incoming or outgoing attorney was able to locate a copy of a complaint. Accordingly, on or about May 2, 1985, new counsel served a copy of a verified complaint. The defendant, however, rejected the same as untimely, and thereupon made the instant motion to dismiss the action pursuant to CPLR 3012 (b) for failure to timely serve a complaint. In opposition, the plaintiffs asserted that their original counsel had now discovered a copy of a complaint which, according to affidavits of both the original counsel and his secretary, had been prepared and in fact served in April 1983. In reply, the defendant, *inter alia,* challenged as incredible the allegedly convenient discovery of the original complaint and its claimed service two years earlier.

Special Term, citing, *inter alia,* the two-year delay in making the motion, the lack of apparent prejudice to the defendant and the evidence that a complaint had been served, denied the motion. We now reverse and remit the matter for a hearing to determine whether the original complaint was in fact served.

The affidavits submitted in support of and in opposition to the motion clearly raise a question of fact as to whether a complaint was timely served in response to the defendant's demand therefor pursuant to CPLR 3012 (b). They reveal that no copy of the complaint was in either attorney's file prior to the instant motion, and the belated discovery of a copy of the original complaint and the affidavit of service made two years after the fact are sufficient to warrant a hearing on the question of service *(see, Anton v Amato,* 101 AD2d 819). Pending the outcome of that hearing, any determination as to whether the plaintiffs have established a reasonable excuse and a showing of merit is premature since if it is established that there was timely service of the complaint, as alleged by the plaintiffs, those issues will no longer be relevant. Bracken, J. P., Brown, Rubin and Spatt, JJ., concur.