■ ALICE FOX, Respondent, v 18-05 215TH STREET OWNERS, INC., Defendant, and JOHN ANASTASI et al., Individually and as Parents and Natural Guardians of SOPHIA ANASTASI, an Infant, Appellants.—In an action to recover damages for personal injuries, etc., the appeal is (1) from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated August 3, 1987, as denied that branch of their motion which was for summary judgment dismissing the complaint as against them in their capacities as parents and natural guardians of the infant defendant Sophia Anastasi, and (2) from an order of the same court, dated December 8, 1987, which treated their motion for renewal as a motion for reargument and denied it.

Ordered that the appeal from the order dated December 8, 1987 is dismissed; and it is further,

Ordered that the order dated August 3, 1987 is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

While the complaint might have been sloppily drafted, it is sufficiently particular to apprise the court and the parties of a cause of action cognizable at law in this State *(see, Foley v D'Agostino,* 21 AD2d 60). In paragraph "EIGHTEENTH" of the complaint, the plaintiff alleged that her injuries were "caused solely by reason of the carelessness and negligence on the part of the defendants". In reading the complaint as a whole, and giving the plaintiff the benefit of every possible favorable inference from the facts alleged *(Reifenstein v Allstate Ins. Co.,* 92 AD2d 715), it cannot be said that a cause of action has not been stated. In fact, the verified answer of the defendants Anastasi stated that it was interposed on behalf of "John Anastasi and Helen Anastasi and Sophia Anastasi by her parent, Helen Anastasi". It is clear, therefore, that no prejudice has resulted or will result to the appellants by upholding the complaint as being sufficiently particular.

It is also clear from the record that service of process was duly effected by complying with CPLR 309. A copy of the summons and complaint was served on the mother individually, and an additional copy was served on her as "mother and natural guardian of SOPHIA ANASTASI, an infant".

Finally, the record revealed that the appellants' second motion, denominated a motion for renewal, was in fact a motion for reargument. Since no appeal lies from an order denying reargument, the appeal must be dismissed *(see, De-Freitas v Board of Educ.,* 129 AD2d 672). Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.