■ AARON BRAUNSTEIN et al., Appellants, v RICHARD L. GLACHMAN, Defendant, and DONALD GLACHMAN et al., Respondents.—In an action to recover damages for legal malpractice, the plaintiffs appeal from (1) so much of an order of the Supreme Court, Nassau County (Collins, J.), entered December 14, 1988, as, in effect, denied that branch of their motion which was to dismiss the affirmative defense by the defendant Donald Glachman of lack of personal jurisdiction, and granted the cross motion of the defendant Donald Glachman to dismiss the complaint insofar as it is asserted against him, and (2) an order of the same court, entered January 9, 1989, which granted the motion of the defendant Rick S. Felberbaum to dismiss the complaint insofar as it is asserted against him for failure to enter a default judgment within one year of his alleged default in answering.

Ordered that the order entered December 14, 1988 is reversed insofar as appealed from, the cross motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on whether personal jurisdiction was properly obtained over Donald Glachman; and it is further,

Ordered that the order entered January 9, 1989 is reversed, the motion of Rick S. Felberbaum is denied, and the complaint is reinstated insofar as it is asserted against Rick S. Felberbaum; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

This action arose out of the alleged negligence of the defendants in representing the plaintiffs' interests in the sale of certain real property located in Kings Point, New York. The Supreme Court improperly dismissed the complaint insofar as it is asserted against the defendant Donald Glachman. The reasonable inferences that can be drawn from the complaint and the response to Donald Glachman's interrogatories rendered the complaint sufficiently "particular" to enable Donald Glachman to determine the plaintiffs' cause of action against him *(see,* CPLR 3013; *Nader v General Motors Corp.,* 25 NY2d 560, 565; *Moore v Johnson,* 147 AD2d 621; *Tuffley v City of*

*Syracuse*, 82 AD2d 110, 113). That, in addition to giving the plaintiffs the benefit of every possible favorable inference, leads us to conclude that his cross motion should be denied *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633, 634; *Fox v 18-05 215th St. Owners,* 143 AD2d 804, 805).

In light of the conflicting affidavits submitted in support of and in opposition to the motion seeking dismissal of the affirmative defense asserted by Donald Glachman of lack of personal jurisdiction, we further find that a hearing should be held to consider the issue whether personal jurisdiction was properly acquired over him *(see, Gildston v Travelers Ins. Co.,* 133 AD2d 261, 262; *Anton v Amato,* 101 AD2d 819, 820-821).

With respect to the claim against the defendant Rick S. Felberbaum, the plaintiffs have demonstrated the existence of a reasonable excuse for the delay in entering a default judgment and a meritorious cause of action. Thus, the complaint should not have been dismissed pursuant to CPLR 3215 (c) *(see, Rendelman v Southside Hosp.,* 141 AD2d 521, 522; *Woodward v City of New York,* 119 AD2d 749, 750-751). Thompson, J. P., Brown, Eiber and Rosenblatt, JJ., concur.