■ THOMAS KOLODZINSKI, Appellant, v FRANCISCO FERREIRAS, Respondent, et al., Defendants.—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered August 22, 1989, as, upon granting the defendant Francisco Ferreiras's motion for reargument, vacated its prior order entered June 14, 1989, and granted the defendant Ferreiras's cross motion to dismiss the complaint insofar as it is asserted against him on the basis of lack of personal jurisdiction.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Supreme Court that the plaintiff did not comply with the requirements of CPLR 309 (a) with regard to the service of process on the then infant defendant Francisco Ferreiras. CPLR 309 (a) provides, in pertinent part, that when the defendant is an infant over 14 years of age, personal service of the summons must be made on a parent and also on the infant. The proof submitted established that the infant defendant was served, pursuant to CPLR 308 (2), by the delivery of a single copy of the summons and complaint to his father at their dwelling place and by the mailing of a single copy of the summons and complaint to the infant defendant's residence. However, there was no personal service of an additional copy of the summons and complaint on the infant defendant's father.

Contrary to the plaintiff's contention, there is no evidence

nor can it be reasonably inferred that the infant defendant's father knew that the service of process was being made on him, as well as his son. Indeed, the record indicates that the plaintiff's counsel was not even aware that Francisco Ferreiras was an infant and the process server's affidavit of service does not indicate that he intended that the service of the single copy of the summons and complaint would constitute service on the father. Rather, it appears that the service of process on the father, who was not named as a defendant, for delivery to his son was merely fortuitous. Therefore, under the circumstances as evidenced herein, it cannot be said that the delivery of a single copy of the summons and complaint to the infant defendant's father constituted compliance with CPLR 309 (a) *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C309:1, at 363; *see also, Fox v 18-05 215th St. Owners,* 143 AD2d 804, 805; *see generally, Raschel v Rish,* 69 NY2d 694, 696-697). Lawrence, J. P., Kooper, Sullivan and Rosenblatt, JJ., concur.