■ In the Matter of the Claim of DEODAT GOPIE, Appellant. VILLAGE BINDERY, Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent. [599 NYS2d 873] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed

July 15, 1992, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

While claimant was working at his usual job he was approached by a delivery person who worked for one of the employer's customers. Claimant became upset when the delivery person came over to where claimant was working and made obscene remarks and gestures at him. Claimant had been the subject of similar taunts by the same person in the past. Claimant asked his supervisor to get the man to leave. When this was not successful, claimant took a stick that he used for his job and, while holding it at either end, pushed the delivery person in the shoulder with it. Claimant was discharged two days later for such conduct.

We disagree with the decision of the Unemployment Insurance Appeal Board that such conduct constituted misconduct. Initially, we find that the record supports claimant's contention that he did not strike this person nor cause any injury, but merely pushed him slightly to get him to leave when verbal attempts to achieve this same result failed. It is also significant to recognize that the delivery person did not work for claimant's employer. Claimant was therefore justified in trying to get him to leave the employer's premises, especially given the fact that he was disrupting claimant's work. Although claimant may have used poor judgment in the manner he chose to get this person to leave, the evidence reveals that this was an isolated incident in the course of claimant's 10 years of employment. Such actions, while perhaps giving the employer a valid reason for discharging claimant, do not rise to the level of misconduct so as to disqualify claimant from receiving unemployment insurance benefits (see, Matter of Marquez [Roberts], 107 AD2d 959, 960; see generally, Matter of James [Levine], 34 NY2d 491, 496). Finally, the cases cited by the employer regarding unprovoked attacks on co-workers are factually distinguishable from this case and are therefore inapplicable.

Weiss, P. J., Levine, Crew III, Mahoney and Casey, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.