■ ESTATE OF MICHAEL UNTERWEISER et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. [652 NYS2d 1007] —In an action to recover damages, *inter alia,* for wrongful death, the plaintiffs appeal (1) from an order of the Supreme Court, Nassau County (Levitt, J.), dated September 21, 1995, which granted the motion of the defendant Edward T. Robinson III to dismiss the complaint insofar as asserted against him pursuant to CPLR 3211 (a) (3), (7), and, *sua sponte,* dismissed the complaint in its entirety, and (2) as limited by their brief, from so much of an order of the same court dated May 2, 1996, as, upon granting their motion for reargument, in effect, adhered to the original determination.

Ordered that the appeal from the order dated September 21, 1995, is dismissed, as that order was superseded by the order dated May 2, 1996, made upon reargument; and it is further,

Ordered that the order dated May 2, 1996, is reversed insofar as appealed from, on the law, the order dated September 21, 1995, is vacated, the motion of the defendant Edward T. Robinson III is denied, and the complaint is reinstated as against all defendants; and it is further,

Ordered that the appellants are awarded one bill of costs.

The complaint, although long and somewhat inartfully drawn, complied with the requirements of CPLR 3013 and 3014. Eight of the twelve defendants answered the complaint and none of the defendants moved pursuant to CPLR 3024 to correct the pleadings. Since the general rule is that pleadings must be liberally construed and defects ignored in the absence of prejudice to a party, the complaint must be reinstated *(see,* CPLR 3026).

In addition, the plaintiffs properly pleaded causes of action to recover damages for alleged psychological injuries suffered by the decedent's mother on the ground that she was in the "zone of danger" *(see, Trombetta v Conkling,* 82 NY2d 549; *Bovsun v Sanperi,* 61 NY2d 219, 231), for "loss of consortium" on behalf of the decedent's father *(see, Delosovic v City of New York,* 143 Misc 2d 801, 810-811, *affd* 174 AD2d 407), and for punitive damages *(see,* EPTL 11-3.2 [b]; 5-4.3).

In light of our determination, the remaining contentions need not be addressed. Ritter, J. P., Thompson, Friedmann and Florio, JJ., concur.