■ In the Matter of the Claim of MARIANNE L. VLAD, Appellant. COMMISSIONER OF LABOR, Respondent. [686 NYS2d 502] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 28, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Upon her return to work following a two-week long illness, claimant was discharged from her employment as a beautician at a nursing home after loudly arguing with her supervisor

when asked for a weekly schedule of her hours; no schedule had previously been required of claimant during the 2½ years of her employment. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits on the ground that her employment was terminated due to misconduct. Claimant appeals contending that this isolated incident did not amount to disqualifying misconduct. We agree.

Claimant's supervisor testified that claimant did not yell or use profane language but became loud when she tried to impose the new schedule restrictions upon claimant. While claimant's conduct may have justified her termination, the record fails to support the Board's conclusion that claimant engaged in conduct disqualifying her from receiving unemployment insurance benefits, especially where, as here, "claimant could not have realized that her conduct on this occasion would provoke her discharge" (*Matter of Bukowski [Arc Summit Park—Sweeney]*, 231 AD2d 785; *see, Matter of Marquez [Roberts]*, 107 AD2d 959; *cf., Matter of Williams [Sweeney]*, 240 AD2d 837). Although misconduct generally presents a factual issue for the Board to decide (*see, Matter of Bukowski [Arc Summit Park—Sweeney], supra*), we do not find that the record provides substantial evidence to support the Board's ruling that claimant engaged in disqualifying misconduct (*see, id.*). The Board's decision is accordingly reversed.

Yesawich Jr., J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.