In the Matter of CHARLES W. GERENA, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [698 NYS2d 750] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Torraca, J.), entered November 12, 1998 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

As the result of a November 1997 determination denying his application for parole, petitioner, an inmate at a State correctional facility, commenced this CPLR article 78 proceeding. Prior to service of an answer, respondent moved to dismiss the petition for failure to conform to the requirements of CPLR 3014. Supreme Court granted the motion resulting in this appeal.

CPLR 3014 sets forth certain technical requirements of pleadings providing, *inter alia*, that "[e]very pleading shall

consist of plain and concise statements in consecutively numbered paragraphs" and that "[e]ach paragraph shall contain, as far as practicable, a single allegation." These requirements must be read in light of CPLR 3026 which provides for the liberal construction of pleadings and states that "[d]efects shall be ignored if a substantial right of a party is not prejudiced." Consequently, where a party has failed to separately set forth and number allegations of a pleading as required by CPLR 3014, the appropriate remedy is dismissal of the pleading with leave to replead (*see, e.g., Aetna Cas. & Sur. Co. v Merchants Mut. Ins. Co.*, 84 AD2d 736; *Joffe v Rubenstein*, 24 AD2d 752, *appeal dismissed* 21 NY2d 721; *see generally*, Siegel, NY Prac § 212, at 308 [2d ed]).

In this proceeding, Supreme Court dismissed the petition without granting petitioner an opportunity to replead. We note that respondent failed to demonstrate that it would suffer prejudice by petitioner's submission of an amended petition complying with the requirements of CPLR 3014. Although Supreme Court made a brief reference to the merits of petitioner's claim in its decision, an adjudication of the merits was premature absent respondent's answer to a petition complying with the requirements of CPLR 3014. Accordingly, under the particular circumstances presented herein, petitioner should have been granted permission to cure the technical defects in his petition.

Mikoll, Mercure, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as denied petitioner leave to replead; leave to replead granted and petitioner shall have 20 days from the date of this Court's decision to serve an amended petition complying with the requirements of CPLR 3014 upon respondent; and, as so modified, affirmed.