In the Matter of the Claim of YVETTE LAMPONE, Appellant. COMMISSIONER OF LABOR, Respondent. [772 NYS2d 756]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 25, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a government relations assistant, a position that included significant secretarial/clerical duties. On February 19, 2003, claimant's supervisor e-mailed claimant criticizing claimant's job performance and indicating that the matter would be discussed on February 21, 2003. Claimant was offended when she read the e-mail and responded with an e-mail of her own, stating that she was overqualified, unhappy and bored with the job duties and ending with the statement that if the

director was unhappy with her job performance, she should handle it as she saw fit. Claimant was discharged approximately two weeks later for insubordination. Reversing the decisions of both the Commissioner of Labor and the Administrative Law Judge, the Unemployment Insurance Appeal Board denied claimant's application for benefits on the ground that her insubordination amounted to disqualifying misconduct.

Although the issue of whether a claimant's conduct amounts to misconduct generally is a matter for the Board to resolve (*see Matter of Bukowski [Arc Summit Park—Sweeney]*, 231 AD2d 785 [1996]), we do not find, under the circumstances presented here, that the record supports the Board's conclusion that claimant's conduct rose to the level of misconduct, thereby disqualifying her from receiving unemployment insurance benefits. Notwithstanding the supervisor's indication that the matter would be discussed on a certain date, the record fails to establish that claimant was aware that she would be discharged as a result of responding to her supervisor's e-mail and expressing her disagreement with the criticism and unhappiness with the work environment (*see e.g. Matter of Vlad [Commissioner of Labor]*, 257 AD2d 933, 934 [1999]; *Matter of Bukowski [Arc Summit Park—Sweeney], supra* at 785). Accordingly, the Board's decision must be reversed.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.