■ ROBIN BB., Individually and as Parent and Guardian of SKYLER BB., an Infant, et al., Respondents, v STEPHEN H. KOTZEN, Appellant. [880 NYS2d 713]—

Kavanagh, J. Appeal from an order of the Supreme Court (Demarest, J.), entered October 19, 2007 in St. Lawrence County, which granted plaintiffs' motion for summary judgment on the issue of liability.

In May 2006, defendant pleaded guilty to a variety of criminal charges contained in an indictment[1] in which it was alleged that, during a seven-year period and while a member of the State Police, he perpetrated a series of sexual assaults on Skyler BB.[2] and plaintiffs Christopher CC. and Edward DD. In January 2007, plaintiffs commenced this action alleging that defendant's history of sexually abusing Skyler, Christopher and Edward caused them, among other things, pain, suffering and mental anguish. The complaint also alleged violations of 42 USC § 1983 premised upon defendant's employment as a State Trooper while the sexual assaults were being perpetrated. Plaintiffs

1. Defendant was sentenced to three concurrent prison terms of six years, plus five years of postrelease supervision.
2. Plaintiff Robin BB. sued on behalf of Skyler BB., as his mother and guardian.

moved for summary judgment on the issue of liability and Supreme Court granted the motion.[3] Defendant now appeals.

Defendant argues that the complaint should be dismissed because it does not set forth with particularity the specifics of the allegations made against him and, as such, fails to satisfy the pleading requirements of CPLR 3013. In support of this argument, defendant points to the fact that a similar claim brought by plaintiffs against the State of New York in the Court of Claims was dismissed because their claim in that action failed to satisfy the pleading requirements of Court of Claims Act § 11 (b).[4] Defendant acknowledges that this argument was not made before Supreme Court but contends that it can be raised for the first time on appeal because it involves a jurisdictional defect.

Assuming without deciding that defendant's argument is properly raised before us, the CPLR imposes a less rigorous standard than the Court of Claims Act for judging the sufficiency of pleadings submitted in support of a cause of action and merely requires, to be facially sufficient, that the pleadings contain enough detail "to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense" (CPLR 3013; see *Johnson v Verona Oil, Inc.*, 36 AD3d 991, 993 [2007]; compare *Eklund v Pinkey*, 27 AD3d 878, 879 [2006]; *Hassan v Schweizer*, 277 AD2d 797, 800 [2000]; see also *Lepkowski v State of New York*, 1 NY3d 201, 208 [2003]; *Robin BB. v State of New York*, 56 AD3d 932, 933 [2008]). Here, the complaint not only sets forth the material elements of each alleged claim, but does so with sufficient particularity as to put defendant on notice as to the specifics of the claims that have been made against him. For example, the complaint alleges that during a seven-year period ending in June 2005, defendant, in the Town of Massena and other locations in St. Lawrence County, subjected each of the complainants to repeated acts of "sexual abuse, rape, sexual misconduct, mental torture and mental abuse," and used his position as a member of the State Police to deprive each complainant of his "civil rights, privileges and/or immunities secured by Title 42 USC § 1983."

---

**3.** A third cause of action was a derivative claim brought by Robin BB. However, after the summary judgment motion was granted and prior to an inquest being held to determine damages, the caption was amended to reflect that Skyler was no longer an infant and was proceeding on his own behalf. As a result, judgments were awarded in the name of Skyler, as well as the other plaintiffs. A judgment was not awarded to Robin BB. The caption was not amended on this appeal.

**4.** This Court affirmed the dismissal of that claim (*Robin BB. v State of New York*, 56 AD3d 932 [2008]).

Defendant also argues that plaintiffs' motion for summary judgment should have been denied because much of what was submitted in support of the motion was not based upon personal knowledge but, instead, upon an affidavit of plaintiffs' counsel. However, in support of their motion, plaintiffs also submitted affidavits from Skyler, Christopher and Edward that set forth in detail their recollection as to how they were abused by defendant. They also included in support of their motion copies of the pleadings and transcripts of the proceedings that occurred during the criminal prosecution when defendant entered his guilty plea and was later sentenced (*see generally McWain v Pronto*, 30 AD3d 675, 676 [2006]). This material, as referenced by counsel's affidavit, provided competent evidence to support Supreme Court's decision to grant plaintiffs' motion for summary judgment in plaintiffs' favor on liability (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Finally, defendant also argues that the motion for summary judgment should have been denied because his guilty plea as taken in the criminal proceedings only referenced a limited time period in which he admitted sexually assaulting Skyler, Christopher and Edward and did not constitute a full admission by defendant of the truthfulness of all of the factual allegations made against him that were contained in their complaint in this action. In that regard, we note that defendant, while opposing the motion for summary judgment, did not submit any competent evidence that specifically denied any of the claims made on behalf of plaintiffs. In addition, defendant's admissions made during his plea allocution in his criminal prosecution, when considered with the other materials submitted by plaintiffs in support of this motion, provided a sound basis for Supreme Court's conclusion that no legitimate factual issues existed as to defendant's legal responsibility for the claimed abuse. As such, plaintiffs' motion for summary judgment was properly granted by Supreme Court.

Rose, J.P., Kane, Stein and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.