■ Kenneth Davis et al., Appellants, v Wind-Sun Construction, Inc., Respondent. [894 NYS2d 621]—

Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, Jr., J.), entered May 6, 2009 in a personal injury action. The order, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and common-law negligence action seeking damages for injuries sustained by Kenneth Davis (plaintiff) while he was attempting to move the fabricated steel components of a pedestrian bridge into his employer's facility on Akron Road in Lockport. Defendant was the general contractor on the project to construct the pedestrian bridge at Lyndon Road in Fairport, and entered into a subcontract with plaintiff's employer to fabricate the steel bridge components.

Supreme Court properly granted that part of defendant's cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action. That statute applies to "construction, excavation and demolition work," and plaintiff was not engaged in such work when he was injured (id.). Indeed, plaintiff's accident did not occur at the construction site but, rather, it occurred while he was engaged in the fabrication of steel bridge components at his employer's facility. Thus, he was not engaged in an activity protected under Labor Law § 241 (6) (see Solly v Tam Ceramics, 258 AD2d 914 [1999]; Safe v Bethlehem Steel Corp., 258 AD2d 933 [1999], lv denied 93 NY2d 818 [1999]). Furthermore, plaintiff was not engaged in a protected activity under Labor Law § 240 (1) at the time of the accident, and thus the court properly denied plaintiffs' motion for leave to amend the complaint to include a cause of action for the violation of that statute (see generally Solly, 258 AD2d 914 [1999]). Present—Smith, J.P., Carni, Pine and Gorski, JJ.