Archer-Vail v LHV Precast Inc. (2019 NY Slip Op 00341)





Archer-Vail v LHV Precast Inc.


2019 NY Slip Op 00341


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

526555

[*1]PATRICIA A. ARCHER-VAIL, Individually and as Administrator of the Estate of JOHN F. VAIL, Deceased, Appellant- Respondent,
v
LHV PRECAST INC. et al., Respondents- Appellants, et al., Defendant.

Calendar Date: December 12, 2018

Before: Lynch, J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Marc J. Bern & Partners, LLP, New York City (Brian J. Isaac of Pollack, Pollack, Isaac & Decicco, LLP, of counsel), for appellant-respondent.
Goldberg Segalla LLP, Buffalo (James F. Faucher II of counsel), for LHV Precast Inc., respondent-appellant.
Salmon, Ricchezza, Singer & Turchi, LLP, New York City (Jacqueline Zoller of counsel), for Wieser Concrete Products, Inc. and another, respondents-appellants.
Catania, Mahon, Milligram & Rider, PLLC, Newburgh (Michael R. Frascarelli of counsel), for Spillman Company, respondent-appellant.



MEMORANDUM AND ORDER
Clark, J.
Cross appeals from an order of the Supreme Court (Cahill, J.), entered March 19, 2018 in Ulster County, which, among other things, partially granted a motion by defendants LHV Precast Inc., Wieser Concrete Products, Inc., Wieser Concrete Roxana, LLC and Spillman Company to dismiss the complaint against them.
Plaintiff is the administrator of the estate of her spouse, John F. Vail (hereinafter decedent), who ultimately died as a result of injuries he sustained when, during the course of his employment, a 2,500 pound bridge form fell on him. In a 98-page complaint containing 426 paragraphs, plaintiff — individually and as the administrator of decedent's estate — commenced this action asserting various causes of action. Prior to answering, defendant Wieser Concrete Products, Inc. and defendant Wieser Concrete Roxana, LLC (hereinafter collectively referred to as Wieser), concrete manufacturing contractors, defendant Spillman Company, the manufacturer of the subject bridge form, and defendant LHV Precast Inc., the alleged operator of the accident site (hereinafter collectively referred to as defendants), separately moved to dismiss the complaint. Supreme Court partially granted defendants' motions by dismissing claims predicated [*2]on violations of Labor Law §§ 240 (1) and 241 (6), as well as a common-law claim for permanent loss of consortium [FN1]. Plaintiff appeals, and defendants cross-appeal.
Initially, with respect to the facial sufficiency of the complaint, LHV and Wieser argue that Supreme Court should have dismissed the complaint in its entirety for failing to comply with the pleading requirements of CPLR 3013 and 3014. Pursuant to CPLR 3013, a pleading must "be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action" (see Robin BB. v Kotzen, 62 AD3d 1187, 1188 [2009]; Matter of Johnson v Goord, 290 AD2d 844, 844-845 [2002]). Additionally, pursuant to CPLR 3014, "[e]very pleading shall consist of plain and concise statements in consecutively numbered paragraphs" and "[e]ach paragraph shall contain, as far as practicable, a single allegation." "These [pleading] requirements must be read in light of CPLR 3026[,] which provides for the liberal construction of pleadings and states that '[d]efects shall be ignored if a substantial right of a party is not prejudiced'" (Matter of Gerena v New York State Div. of Parole, 266 AD2d 761, 762 [1999], quoting CPLR 3026; see Rich v Lefkovits, 56 NY2d 276, 280-281 [1982]). Affording a liberal construction to the pleading here, we agree with Supreme Court that the complaint — although unnecessarily long and inartfully drafted — sets forth legally cognizable claims, including causes of action sounding in negligence and wrongful death, with sufficient particularity so as to provide defendants with notice of the claims asserted against them and the transactions and/or occurrences sought to be proven (see Estate of Unterweiser v Town of Hempstead, 235 AD2d 453, 453 [1997]; Braunstein v Glachman, 157 AD2d 815, 815 [1990]; compare Mid-Hudson Val. Fed. Credit Union v Quartararo & Lois, PLLC, 155 AD3d 1218, 1220-1221 [2017], affd 31 NY3d 1090 [2018]). Accordingly, Supreme Court properly determined that dismissal of the complaint was not warranted under CPLR 3013 and 3014.
We also reject Wieser's assertion that Supreme Court should have dismissed plaintiff's request for punitive damages on the basis that the complaint does not contain allegations of facts that would support the conclusion that it acted wantonly or so recklessly as to constitute a conscious disregard of decedent's rights (see generally Home Ins. Co. v American Home Prods. Corp., 75 NY2d 196, 200-201 [1990]). Plaintiff's third cause of action, which Supreme Court construed as including plaintiff's request for punitive damages, alleges that defendants failed to provide "decedent with a safe place to work and adequate, proper and sufficient safety devices and equipment" when he was unloading the bridge form from an elevated height, that such failures caused the bridge form to fall on decedent and that the failures demonstrated a wanton and willful disregard for decedent's safety. These allegations, construed liberally, provide sufficient factual support for plaintiff's punitive damages request so as to withstand a motion to dismiss at this stage of the action (see Saha v Record, 177 AD2d 763, 766 [1991]; cf. Dumesnil v Proctor & Schwartz, 199 AD2d 869, 870-871 [1993]; Kaplan v Sparks, 192 AD2d 1119, 1119-1120 [1993]).
Next, contrary to plaintiff's contention, Supreme Court properly dismissed the claims alleging violations of Labor Law §§ 240 (1) and 241 (6) for failure to state a cause of action. Labor Law §§ 240 (1) and 241 (6) "'impose nondelegable duties upon contractors, owners and their agents to comply with certain safety practices for the protection of workers engaged in various construction-related activities'" (Landon v Austin, 88 AD3d 1127, 1128 [2011], quoting Lieberth v Walden, 223 AD2d 978, 979 [1996]). Specifically, "Labor Law § 240 (1) affords protection to workers engaged in the 'erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure'" (Cicchetti v Tower Windsor Terrace, LLC, 128 AD3d 1262, 1263 [2015], quoting Labor Law § 240 [1]). Similarly, Labor Law § 241 (6) provides protection to workers who are injured in an "area[] in which construction, excavation or demolition work is being performed" (see Jock v Fien, 80 NY2d 965, 968 [1992]).
In support of her claimed violations of Labor Law §§ 240 (1) and 241 (6), plaintiff alleged that, at the time that decedent sustained the fatal injuries, he had been unloading a bridge form that had been delivered to the manufacturing facility operated by LHV so that it could be used in the manufacture and fabrication of construction materials that would be eventually used during unspecified construction at an unspecified construction site. As Supreme Court aptly concluded, these allegations "do not support any contention that the work being done at the time of the incident was, in any manner, an integral part of an ongoing construction contract or was being performed at an ancillary site, incidental to and necessitated by such construction project, where the materials involved were being readied for use in connection with a covered activity," so as to bring it within the ambit of Labor Law § 240 (1) (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882-883 [2003]; cf. Davis v Wind-Sun Constr., Inc., 70 AD3d 1383, 1383 [2010]; compare Gallagher v Resnick, 107 AD3d 942, 945 [2013]). Accordingly, as plaintiff failed to allege any facts that could support the conclusion that decedent was engaged in the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]) or "duties ancillary to those acts" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d at 882; see Saint v Syracuse Supply Co., 25 NY3d 117, 124 [2015]), Supreme Court properly dismissed the cause of action predicated on an alleged violation of Labor Law § 240 (1) (cf. Jock v Fien, 80 NY2d at 968; Davis v Wind-Sun Constr., Inc., 70 AD3d at 1383; Perchinsky v State of New York, 232 AD2d 34, 37-38 [1997], lv dismissed and denied 91 NY2d 830 [1997]; compare Gallagher v Resnick, 107 AD3d at 945; Adams v Alvaro Constr. Corp., 161 AD2d 1014, 1015-1016 [1990]). For the same reasons, plaintiff's factual allegations did not support a conclusion that decedent's injuries occurred in an "area[] in which construction, excavation or demolition work [was] being performed" (Labor Law § 241 [b]) and, thus, Supreme Court's dismissal of plaintiff's Labor Law § 241 (6) claim was proper (cf. Jock v Fien, 80 NY2d at 968; Davis v Wind-Sun Constr., Inc., 70 AD3d at 1383; Perchinsky v State of New York, 232 AD2d at 37-38; compare Adams v Alvaro Constr. Corp., 161 AD2d at 1015-1016).
Further, we discern no abuse of discretion in Supreme Court's determination to deny, pending further discovery on the issue, Spillman's motion to dismiss the complaint against it for lack of personal jurisdiction (see CPLR 3211 [a] [8]). As the party seeking to assert personal jurisdiction over Spillman, plaintiff bore the burden of proof on the issue (see Williams v Beemiller, Inc., 100 AD3d 143, 152-153 [2012]; Urfirer v SB Bldrs., LLC, 95 AD3d 1616, 1618 [2012]; Lettieri v Cushing, 80 AD3d 574, 575 [2011]). However, in opposing Spillman's motion to dismiss pursuant to CPLR 3211 (a) (8), plaintiff did not have the burden of "making a prima facie showing of personal jurisdiction; rather, plaintiff need only demonstrate that it made a 'sufficient start' to warrant further discovery, which, pursuant to CPLR 3211 (d), [was] within Supreme Court's discretion to grant" (Bunkoff Gen. Contrs. v State Auto. Mut. Ins. Co., 296 AD2d 699, 700 [2002], quoting Peterson v Spartan Indus., 33 NY2d 463, 467 [1974]; see Urfirer v SB Bldrs., LLC, 95 AD3d at 1618).
Plaintiff relies on New York's long-arm statute — specifically, CPLR 302 (a) (3) — to assert personal jurisdiction over Spillman, a nondomiciliary. "In determining whether the exercise of personal jurisdiction over a nondomiciliary defendant is proper, a court must [first] assess whether the requirements of New York's long-arm statute have been met and, if so, whether a finding of personal jurisdiction comports with federal due process" (Williams v Beemiller, Inc., 159 AD3d 148, 152 [2018]; see Rushaid v Pictet & Cie, 28 NY3d 316, 330-331 [2016]; LaMarca v Pak-Mor Mfg. Co., 95 NY2d 210, 216 [2000]). As relevant here, "a court may exercise personal jurisdiction over any non[]domiciliary . . . who in person or through an agent . . . commits a tortious act without the state causing injury to person or property within the state . . . if he [or she] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed . . . in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce" (CPLR 302 [a] [3]; see generally Ingraham v Carroll, 90 NY2d 592, 596-599 [1997]). To comport with federal due process requirements, the "nondomiciliary must have 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial [*3]justice'" (Rushaid v Pictet & Cie, 28 NY3d at 330-331, quoting International Shoe Co. v Washington, 326 US 310, 316 [1945]).
In opposition to Spillman's motion to dismiss pursuant to CPLR 3211 (a) (8), plaintiff alleged that, while operating outside the state, Spillman launched a force or instrument of harm by negligently designing, creating, supplying and distributing to customers a defective nesting diagram depicting how to load and unload a bridge form on and off of a flatbed trailer and that such negligence caused decedent's injuries within the state. Plaintiff submitted evidence establishing that Spillman maintained an interactive website, which marketed and made its products available to New York customers, provided for custom designs tailored to the needs of the purchaser and highlighted its prior sales to New York and other interstate customers. Plaintiff also relied on affidavits submitted by Spillman to argue that Spillman derives substantial revenue from goods used or consumed in the state or from interstate commerce and that it should have reasonably expected that the design, creation, supply and distribution of the nesting diagram that accompanied its bridge forms could have consequences in this state. Specifically, one affidavit established that Spillman was aware that its bridge forms were used over and over again by precast companies at different sites, that "the average useful life-span of a bridge form could be up to 25 years" and that the bridge forms would be repeatedly transported. Another affidavit established that Spillman "sells its products and goods, including bridge forms, to purchasers located throughout the United States," that its 2016 New York sales amounted to $277,822, which constituted 4.2% of its sales that year, and that its 2017 sales had so far amounted to $219,013, which, at that point, constituted 3.1% of its total sales. Viewing the facts in the light most favorable to plaintiff as the nonmoving party, we agree with Supreme Court that the foregoing provided the "sufficient start" required to warrant further discovery on the issue of whether personal jurisdiction may be properly exercised over Spillman under CPLR 302 (a) (3), while also comporting with federal due process requirements (Peterson v Spartan Indus., 33 NY2d at 467; see Expert Sewer & Drain, LLC v New England Mun. Equip. Co., Inc., 106 AD3d 775, 776 [2013]; cf. Bunkoff Gen. Contrs. v State Auto Mut. Ins. Co., 296 AD2d at 700-701). Accordingly, we discern no basis upon which to disturb Supreme Court's discretionary determination to deny Spillman's motion to dismiss for lack of personal jurisdiction pending further discovery (see Augsbury Corp. v Petrokey Corp., 97 AD2d 173, 176 [1983]).
Finally, as Spillman failed to argue before Supreme Court that plaintiff's Labor Law § 200 claim should be dismissed against it, that issue is not properly before us (see Trask v Tremper Prop. Assn., Inc., 122 AD3d 1206, 1208 [2014]). To the extent that we have not addressed any of the parties' remaining contentions, they have been reviewed and found to lack merit.
Lynch, J.P., Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Supreme Court construed the claim for loss of consortium stemming from the period of time, if any, between decedent sustaining the fatal injuries and his death as part of plaintiff's wrongful death claim.