US Bank N.A. v McGown (2021 NY Slip Op 06879)





US Bank N.A. v McGown


2021 NY Slip Op 06879


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
COLLEEN D. DUFFY
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2018-12383
 (Index No. 4079/08)

[*1]US Bank National Association, etc., respondent,
v
James McGown, et al., defendants; Amy Carole Hicks, etc., nonparty-appellant.


Kenneth R. Berman, Forest Hills, NY, for nonparty-appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph Battista and Leah Lenz of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, nonparty Amy Carole Hicks appeals from an order of the Supreme Court, Kings County (Mark J. Partnow, J.), dated June 29, 2018. The order, insofar as appealed from, denied those branches of the motion of Amy Carole Hicks which were pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court dated April 28, 2016, and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant A.M. for lack of personal jurisdiction, and granted that branch of the plaintiff's cross motion which was to substitute Amy Carole Hicks, as guardian for A.M., as a party defendant in place of A.M., nunc pro tunc.
ORDERED that the order dated June 29, 2018, is reversed insofar as appealed from, on the law, with costs, those branches of the motion of Amy Carole Hicks which were pursuant to CPLR 5015(a)(4) to vacate the order of reference dated April 28, 2016, and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against the defendant A.M. for lack of personal jurisdiction are granted, and that branch of the plaintiff's cross motion which was to substitute Amy Carole Hicks, as guardian for A.M., as a party defendant in place of A.M., nunc pro tunc, is denied.
The defendant James McGown purchased the subject property on January 25, 2006. On March 15, 2007, he executed a mortgage encumbering the subject property in favor of Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Mortgageit, Inc. MERS subsequently assigned the mortgage to the plaintiff. McGown failed to make a payment due under the terms of the mortgage on October 1, 2007. On December 21, 2007, McGown executed a deed purportedly conveying the subject property to his daughter, the infant A.M., who at the time was less than one year old.
In February 2008, the plaintiff commenced this action to foreclose the mortgage against, among others, McGown and A.M. Upon McGown's and A.M.'s failure to timely answer the complaint, on November 9, 2009, the Supreme Court granted the plaintiff's motion for an order of reference. On or about December 6, 2013, the plaintiff moved to vacate the order of reference and for a new order of reference. A.M. cross-moved pursuant to CPLR 3215(c) to dismiss the complaint [*2]insofar as asserted against her. In an amended order dated May 25, 2016, the Supreme Court granted the plaintiff's motion, issued a new order of reference, dated April 28, 2016, and denied A.M.'s cross motion.
Thereafter, Amy Carole Hicks, as mother and natural guardian of A.M., moved, inter alia, pursuant to CPLR 5015(a)(4) to vacate the order of reference dated April 28, 2016, and, in effect, pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against A.M. for lack of personal jurisdiction. The plaintiff opposed the motion, and cross-moved, among other things, to substitute Hicks, as guardian for A.M., as a party defendant in place of A.M., nunc pro tunc. By order dated June 29, 2018, the Supreme Court, inter alia, denied those branches of Hicks' motion and granted that branch of the plaintiff's cross motion. Hicks appeals.
Contrary to the plaintiff's contention, A.M. did not waive the defense of personal jurisdiction by cross-moving to dismiss the complaint pursuant to CPLR 3215(c). "'A defendant may waive the issue of lack of personal jurisdiction by appearing in an action, either formally or informally, without raising the defense of lack of personal jurisdiction in an answer or pre-answer motion to dismiss'" (U.S. Bank N.A. v Cadoo, 197 AD3d 588, 589, quoting Cadlerock Joint Venture, L.P. v Kierstedt, 119 AD3d 627, 628). However, certain types of limited involvement in an action by a defendant do not waive jurisdictional defenses, including "cross-moving to dismiss the complaint pursuant to CPLR 3215(c), as such a motion by a defendant 'does not constitute an appearance in the action'" (U.S. Bank N.A. v Itshak, 189 AD3d 919, 920, quoting CPLR 3215[c]).
Additionally, contrary to the plaintiff's contention, the doctrine of laches does not apply, as the plaintiff failed to show that it was prejudiced by A.M.'s delay in asserting the defense of personal jurisdiction and alerting the parties and the Supreme Court to her status as an infant (see Dwyer v Mazzola, 171 AD2d 726, 727-728).
Pursuant to CPLR 5015(a)(4), "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order." Similarly, CPLR 3211(a)(8) provides that a party may move for judgment dismissing causes of action against him or her where "the court has not jurisdiction of the person of the defendant."
Here, A.M. is entitled to vacatur of the April 28, 2016 order of reference and dismissal of the complaint insofar as asserted against her. CPLR 309, which governs personal service upon an infant, incompetent, or conservatee, provides that "[p]ersonal service upon an infant shall be made by personally serving the summons within the state upon a parent or any guardian or any person having legal custody or, if the infant is married, upon an adult spouse with whom the infant resides, or, if none are within the state, upon any other person with whom he [or she] resides, or by whom he [or she] is employed."
Here, the process server attested that he served A.M. pursuant to CPLR 308(2) by delivering a copy of the summons and complaint to the "housekeeper" at A.M.'s dwelling place and then completing the requisite mailing. Additionally, although McGown was served individually, he was not served in his dual capacity as an individual and representative of A.M. (cf. Fox v 18-05 215th St. Owners, 143 AD3d 804, 805). Since neither of these methods of service complied with the requirements of CPLR 309, the present action was jurisdictionally defective as asserted against A.M. (see generally Kolodzinski v Ferreiras, 168 AD2d 431).
Moreover, because the Supreme Court never obtained personal jurisdiction over A.M., it was improper to amend the summons and complaint to substitute Hicks, in her representative capacity, as a party defendant in A.M.'s place (see Achtziger v Fuji Copian Corp., 299 AD2d 946, 947).
In light of our determination, we need not reach Hicks's remaining contention.
HINDS-RADIX, J.P., DUFFY, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court