Wood v Heni (2025 NY Slip Op 01974)

Wood v Heni

2025 NY Slip Op 01974

Decided on April 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2022-05527
 (Index No. 712577/21)

[*1]Michael Wood, appellant, 
v
Anne Heni, et al., respondents.

Michael Wood, Sunnyside, NY, appellant pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of the warranty of habitability, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 14, 2022. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to compel the defendants to accept the new amended complaint, granted the defendants' cross-motion pursuant to CPLR 3014 to compel the plaintiff to set forth the allegations in the new amended complaint in consecutively numbered paragraphs and pursuant to CPLR 3024(a) to compel the plaintiff to provide a more definite statement, and, sua sponte, directed dismissal of the complaint.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as granted that branch of the defendants' cross-motion which was pursuant to CPLR 3024(a) to compel the plaintiff to provide a more definite statement and, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was to compel the defendants to accept the new amended complaint is granted, and the defendants' cross-motion pursuant to CPLR 3014 to compel the plaintiff to set forth the allegations in the new amended complaint in consecutively numbered paragraphs and pursuant to CPLR 3024(a) to compel the plaintiff to provide a more definite statement is denied.
In 2021, the pro se plaintiff commenced this action alleging that the defendants owned and managed the apartment building where the plaintiff lived and that the defendants, among other things, breached the warranty of habitability and breached the plaintiff's lease. The defendants moved pursuant to CPLR 3014 to direct the plaintiff to separately state and plead the alleged causes of action and pursuant to CPLR 3024(a) for a more definitive statement of the complaint. In response, the plaintiff, inter alia, submitted a proposed amended complaint. By order entered January 21, 2022, the Supreme Court, among other things, granted the defendants' motion, rejected the plaintiff's proposed amended complaint, and directed the plaintiff to serve a new amended complaint upon the defendants within 30 days of entry. Notice of entry was served on January 21, 2022, by electronic filing on NYSCEF.
On February 22, 2022, the plaintiff filed a new amended complaint on NYSCEF, which the defendants rejected as untimely and improperly served. Subsequently, the plaintiff moved, [*2]inter alia, to compel the defendants to accept the new amended complaint, contending that it was both timely and properly served. The defendants cross-moved pursuant to CPLR 3014 to compel the plaintiff to set forth the allegations in the new amended complaint in consecutively numbered paragraphs and pursuant to CPLR 3024(a) to compel the plaintiff to provide a more definite statement. However, in opposition to the plaintiff's motion, the defendants did not contend that the new amended complaint was untimely or improperly filed. By order entered June 14, 2022, the Supreme Court, among other things, denied that branch of the plaintiff's motion, granted the defendants' cross-motion, and, sua sponte, directed dismissal of the complaint. The plaintiff appeals.
The Supreme Court erred in, sua sponte, directing dismissal of the complaint (see Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 119-126).
Furthermore, the new amended complaint's paragraphs were consecutively numbered, each of the numbered paragraphs largely limited itself to one factual allegation, and the causes of action were separately stated and numbered (see CPLR 3014). Additionally, the new amended complaint was not vague or ambiguous and offered sufficient detail as to the facts and causes of actions alleged, including dates and time periods, to permit the defendants to properly frame a response (see id. § 3024[a]). Accordingly, the Supreme Court should have denied the defendants' cross-motion (see Estate of Unterweiser v Town of Hempstead, 235 AD2d 453).
Moreover, for similar reasons, the Supreme Court should have granted that branch of the plaintiff's motion which was to compel the defendants to accept the new amended complaint, as the defendants did not raise any objection to it in opposition to the motion other than to its format.
The plaintiff's remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court