William F. Christiana, S.
William B. Dinehart died on July 8, 1955 a resident of the town of Copake, this county. He had acted as sole successor trustee of certain trusts, commonly known as ‘ ‘ The Ollie Pulver Trusts ’ ’, created under the Seventeenth item of the last will and testament of Malvina Astor, deceased, whose will was admitted to probate in this court on October 4, 1918.
Petitioner, Olive F. Langdon, as sole executrix of the last will and testament of said William B. Dinehart, has applied for (1) the judicial settlement of the accounts of the said deceased trustee, (2) for her appointment as successor trustee under the above-named trusts and (3) for a judicial construction as to the disposition of certain portions of the principal or corpus of the said trusts.
All three of the above questions are before this court for determination. However, only the matter of the appointment of a successor trustee has been argued and this opinion concerns itself solely with that problem.
The life tenants and the remaindermen named in the trusts have died and preparatory to distribution, Mr. Dinehart, prior to his death, had reduced the corpus of the trusts to cash. However, before distribution can be made, the will of Malvina Astor must be judicially construed and the identity of those entitled to receive the principal amounts must await such determination. Admittedly, to obtain an ultimate decision will be time consuming.
Petitioner urges the appointment of a successor trustee by reason of the fact that large sums of money now lie idle and that extended litigation looms over the complex questions of interpretation of the Astor will. It is further^ argued that income tax returns must be executed and taxes paid to both the *387 Federal and State Governments and that no person now has authority to do so.
Those objecting to the appointment challenge the power of the court to designate in this instance by asserting that no necessity exists for such representative, since the trusts have terminated, and all that is now needed to conclude matters is to pay over and distribute the principal amounts. It.is also pointed out that the representative of the estate of William B. Dinehart, deceased, is empowered under section 257 of the Surrogate’s Court Act to fulfill whatever duties remain to be performed in closing out these trusts.
There would seem to be no doubt as to the power of the Surrogate to appoint a successor trustee in a proper case and to designate a particular person or corporation to act. In fact, where vacancy and necessity exist, plenary power is vested in the court to make an appointment. (Surrogate’s Ct. Act, § 40, subd. 3.) The fitness and qualifications of the person to be appointed appear to be matters for determination of the court, and while nominees may be proposed by those interested, the Surrogate is under no compulsion to appoint any such nominee, nor is he bound to name the petitioner. (Matter of Eggsware, 123 Misc. 548; 2 Jessup-Redfield on Surrogates’ Law and Practice, p. 792, § 1606.) No order of priority controls and none of the parties to the proceeding need be named although the right to exclude them will be sparingly exercised. (Matter of Spruce, 188 Misc. 776, 779; Powers v. Powers, 189 App. Div. 112, 115.)
It was formerly the rule that where the trust had become inactive, completed or fully executed and all that remained was to pay and distribute, no grounds or necessity existed for the appointment of a successor trustee. The court’s authority to designate in such instance was doubtful. (Matter of Luckenbach, 267 App. Div. 275, 279, affd. 292 N. Y. 674; Matter of Finck, 103 Misc. 526, 529.) However, by a 1945 amendment to section 168 of the Surrogate’s Court Act, the statute now reads in part: ‘‘ Notwithstanding the fact that a trust has terminated by reason of the occurrence of the event which measured the duration of the trust, the surrogate’s court may, in its discretion, appoint a successor trustee where all of the trustees have died or become incompetent, or are by decree of the surrogate’s court removed or allowed to resign and where the appointment of a successor trustee appears necessary, in the opinion of the surrogate, for the effective distribution of the trust fund, unless such appointment would contravene the express terms of the will.” (Italics supplied.)
*388 It would seem to be the present rule that where vacancy and necessity combine, the Surrogate may exercise his discretion to make an appointment regardless of the particular stage reached in the administration of the trust unless such appointment would expressly defy the desires of the decedent as stated in his will. Subject to such limitations, if an appointment is required to expedite the settlement of the estate or other factors dictate the necessity of a successor trustee, then the designation may be made even if the trust is at an end. (Matter of Ziegler, 125 N. Y. S. 2d 341.)
In the matter at bar, the vacancy does exist, but in the opinion of this court the necessity for an appointment does not. The trusts have actually terminated, the principal amounts have been reduced to cash for the purpose of distribution, and while it is true that difficult and vexing questions as to the construction of decedent’s will must be decided, there .appears to be no real need for a successor trustee pending a judicial interpretation of the language employed by the testatrix. The functions of a successor trustee would be largely custodial in nature and these can be adequately executed by the representative of the estate of William B. Dinehart, deceased, pursuant to the provisions of section 257 of the Surrogate’s Court Act. If prolonged litigation does develop, the moneys on hand may be deposited in savings accounts bearing interest at prevailing rates, either by means of certificates of deposit or through other current banking practices. The mechanics of such operations can be discharged by Olive F. Langdon as the representative of the deceased trustee. If interim orders are needed to assist in effectuating proper employment of the trust moneys .in depositories where prevailing interest rates may be earned, such orders will be granted upon application.
Moreover, the expense involved in appointing a successor trustee and the amount of his commissions are material items to be considered in this matter and ought not to be lightly regarded. The fund involved is substantial and statutory commissions, plus a reasonable attorney’s fee for necessary professional services rendered, would run into no small sum. In fact, such expenses would doubtlessly exceed the interest earned on the fund. Unless compelling reasons can be assigned to justify such eventualities, these costs should be avoided.
It was virtually conceded on the argument that the income tax returns and the payment of assessments due should present no special problem and would not of themselves warrant .the appointment of a successor trustee.
*389 No claim is made that the petitioner, Olive F. Langdon, is disqualified by reason of health, inexperience, temperament or otherwise from acting pursuant to section 257 of the Surrogate’s Court Act pending final determination of the matters at issue. In this instance, it would appear that ample authority exists under section 257 to enable petitioner to do whatever may be required to conclude the remaining details in connection with these trusts. She is represented by able and experienced counsel and I can find no useful purpose to be served under all the circumstances in appointing a successor trustee.
The application for the appointment of a successor trustee is therefore denied, without costs.
Submit decree on notice in accordance with this opinion.