Millard L. Midonick, S.
In this voluntary accounting proceeding the two surviving trustees seek the appointment of a third cotrustee, due to the death of the former third co-trustee.
Pursuant to article "Thirteenth” of decedent’s will dated October 8, 1963 and the codicil thereto dated January 8, 1964, letters of trusteeship issued to four named individuals. One of the cotrustees died on July 31, 1970. His account was settled by the first intermediate decree on accounting dated October 1, 1973.
A second cotrustee died June 16, 1975. His account will be settled by the decree on accounting to be entered herein.
Article "Thirteenth” of decedent’s will provides:
"If any of my said Executors and/or Trustees shall predecease me or fail to qualify or having qualified shall die, resign or become incapacitated during the period of the administration of my estate, or the terms of the trusts established by this will, the remaining Executors and Trustees shall continue to act as such without the appointment of any substitute Executor and/or Trustee.”
SCPA 1502 (subd 2) provides:
"2. The court shall not appoint a trustee, successor or co-trustee if the appointment would contravene the express terms of the will or if a trustee may be or has been named in the will as successor, substitute or co-trustee and is not disqualified to act.”
The age and allegations as to need for help by the octogenarian remaining trustees lead the court to find that unless a third trustee is to be appointed as requested, this trust will *144 shortly expire by reason of the imminent incapacitation of all trustees. Whether or not trustee Fluegge and/or trustee Jones wish to resign now, the third trustee suggested by them is hereby appointed in order to preserve this trust. (Cf. Matter of Phipps, 2 NY2d 105.) "Reasonably read, the provision [of the will] indicates the testator’s belief that there would be” a continuation of the trust, despite the prohibition of appointment of any substitute trustee. (Matter of Phipps, supra, p 109.) She did not foresee her widower’s (Donald Jones) incapacity to serve without help while still a life beneficiary.
Thus the facts presented do warrant disregarding the express intent of the testatrix, in order to give effect to a more compelling contrary intent to keep alive this trust in this event of unforeseen incapacity. No such proof "that the appointment of a cotrustee would be conducive to the better administration of the trust * * * merely that [a sole trustee] is semiretired” was offered in Matter of Badenhausen (38 Misc 2d 698, 702). That decision is therefore distinguishable.
The application is accordingly granted.