■ In the Matter of the ESTATE OF ROSE FERNBACH, Deceased. EVA WEININGER, Appellant. [684 NYS2d 241] —Order, Surrogate's Court, New York County (Eve Preminger, S.), entered December 23, 1997, denying trustee Eva Weininger's unopposed petition to have a grandchild of the testatrix appointed as an additional co-trustee, unanimously reversed, on the law and the facts, and the petition granted to the extent set forth in the decision herein. Petitioner's appeal from the order, same court and Surrogate, entered March 10, 1998, denying her motion for reargument, unanimously dismissed, without costs, as taken from a non-appealable order.

The Last Will and Testament of the decedent, Rose Fernbach, which was admitted to probate in 1964, established a trust funded with decedent's real property interests. The Will provides that the trust will expire upon the death of decedent's two oldest grandchildren, born before her death and surviving her. One of these grandchildren is still living; the other, Cornelia Weininger, died in 1996. Cornelia was the prior additional co-trustee. The Will established two lines of trustees and executors, the family branch and the professional branch. The named trustee of the professional branch was given the power to appoint a successor, but no such power was given to the family branch trustee, decedent's daughter Eva Weininger (petitioner). The Will additionally designated Chase Manhattan Bank as the substitute or successor trustee of both branches.

Petitioner has acted as trustee of the family branch since 1964. In 1991, she successfully petitioned the Surrogate's Court to appoint Cornelia as an additional co-trustee to aid petitioner in performing her duties. This relief was necessary due to petitioner's advanced age of 88. All parties in interest consented to the petition.

Due to Cornelia's untimely death, petitioner, now aged 95, sought the appointment of another co-trustee to assist her. The

proposed co-trustee is Anita Younes, another granddaughter of the decedent. Again, all parties in interest consented, though Chase consented with the caveat that it did not waive its rights as successor trustee to the family branch once all of decedent's daughters are ineligible.

However, this time the Surrogate denied the petition, holding that it would contravene the decedent's desire that the family line of trustees should terminate with decedent's daughters. We reverse this decision as an abuse of discretion, but we grant the petition with the limitation that the appointment of Anita Younes shall last only as long as one of decedent's daughters also qualifies and serves as a trustee.

The Surrogate correctly divined the decedent's intention that if both petitioner and the decedent's other two daughters should fail to qualify or cease to act as trustee for the family branch, they will be succeeded by Chase, rather than by a new family member appointed as successor trustee. SCPA 1502 (2) provides that the court shall not appoint a trustee, successor or co-trustee if such would contradict the Will's express terms, or if the named trustee is not disqualified to act. Nevertheless, precedent exists for making a limited exception to this rule where a co-trustee is needed to help an aging named trustee fulfill her duties (*Matter of Jones*, 91 Misc 2d 143). Particularly in light of the fact that the Surrogate's Court saw fit to grant the same relief to petitioner in 1991, the petition should be granted to the extent indicated. Concur—Rosenberger, J. P., Nardelli, Williams and Rubin, JJ.