■ In the Matter of the Estate of EDWARD RUDIN, Deceased. JACK RUDIN et al., as Successor Trustees of the Trust Created for the Benefit of Lydia Heimlich Under the Last Will and Testament of Edward Rudin, Deceased, Respondents; DONALD HEIMLICH, Appellant. [789 NYS2d 123]—

Order, Surrogate's Court, New York County (Renee R. Roth, S.), entered on or about November 28, 2003, which approved the trustees' final account, unanimously affirmed, with costs. Order (same court and Surrogate), entered on or about February 9, 2004, which, insofar as appealed from, denied objectant Donald Heimlich's application to be appointed a successor trustee of the trust created for the benefit of Lydia Heimlich

under the last will and testament of Edward Rudin, unanimously affirmed, with costs.

Contrary to objectant's contention, appointment of an independent auditor was not required before the final account could be approved. In his will, Edward Rudin specifically asked his executors and trustees to retain the Rudin companies' in-house accountant. In so doing, he waived any conflicts of interest that might arise from such an appointment.

Although objectant filed objections to the account submitted by the trustees in 1996 and to the supplemental account submitted by them in 2000, he failed to file objections to any of the supplemental accounts filed by the sole surviving trustee, Jack Rudin, in 2003. Hence, we decline to entertain his attacks on the 2003 accounts (*see e.g. Matter of Thaler*, 161 Misc 615, 617 [1937]). In any event, many of his current attacks are the same as objections previously dismissed by the Surrogate (*see Estate of Rudin*, NYLJ, Mar. 2, 2000, at 30, col 2), which this Court affirmed in *Matter of Rudin* (292 AD2d 283 [2002]).

The Surrogate's decision not to appoint objectant a successor cotrustee of the trust (which, it should be noted, terminated upon Lydia's death in 1992) was a proper exercise of discretion (*see e.g.* SCPA 1502 [5]; EPTL 7-2.3 [b]; *Matter of Astor*, 2 Misc 2d 385 [1956]).

Objectant's arguments that Jack Rudin should be removed as trustee because of the hostility between the two men and because of a conflict of interest are unpreserved and, in any event, unavailing. Personal hostility between a trustee and a beneficiary is insufficient to justify removal unless it interferes with the proper administration of the trust (*Matter of Miller*, 48 Misc 2d 815 [1965]; *see also Matter of Braloff*, 3 AD2d 912, 913 [1957], *affd* 4 NY2d 847 [1958]), a standard that has not been met here (*compare Matter of Duell*, 258 AD2d 382 [1999]). As for objectant's second ground for removal, "it is actual misconduct, not a conflict of interest, that justifies the removal of a fiduciary" (*Matter of Marsh*, 179 AD2d 578, 580 [1992]). Objectant has not shown such misconduct.

We have considered objectant's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Nardelli, Gonzalez and Catterson, JJ.