■ IAN J. GAZES, Esq., as Trustee in Bankruptcy for the Bankruptcy Estate of JOHN HORAN, Debtor, Respondent, v JOHN C. BENNETT, Appellant. [835 NYS2d 1]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered April 14, 2006, which denied defendant's motion for summary judgment as untimely, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

Initially, we find that the motion court erred when it held that defendant's motion was untimely pursuant to CPLR 3212 (a). A motion is "made" when the notice of motion is served (CPLR 2211; *Rivera v Glen Oaks Vil. Owners, Inc.*, 29 AD3d 560, 561 [2006]; *Russo v Eveco Dev. Corp.*, 256 AD2d 566, 567 [1998]). Accordingly, since the note of issue was filed on October 3, 2005, and defendant's motion was made on January 25, 2006, when it was served by mail, it was timely as it was made within the 120-day statutory period (CPLR 3212 [a]).

Moreover, there is no dispute that the within medical malpractice action accrued during the pendency of debtor John Horan's bankruptcy proceedings and, as such, was an asset of the bankruptcy estate. Horan, however, did not list the claim in the petition's schedule of assets and, therefore, lacked the capacity to commence this action. Horan's subsequent attempt to substitute Gazes, the bankruptcy trustee, as plaintiff, does not cure the defect (*see National Fin. Co. v Uh*, 279 AD2d 374, 375 [2001]; *Pinto v Ancona*, 262 AD2d 472, 473 [1999]). Accordingly, summary judgment dismissing the complaint is warranted. Concur—Friedman, J.P., Sullivan, Nardelli, Catterson and Mc-Guire, JJ.