Matter of Kearney (2020 NY Slip Op 02206)





Matter of Kearney


2020 NY Slip Op 02206


Decided on April 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 9, 2020

525151

[*1]In the Matter of the Estate of William J. Kearney, Deceased. Ursula M. Kearney, Individually and as Executor of the Estate of William J. Kearney, Deceased, Respondent; Steven J. Kearney, Appellant.

Calendar Date: February 21, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Colangelo, JJ.


Steven J. Kearney, Schenectady, appellant pro se.
John R. Seebold, Schenectady, for respondent.



Devine, J.
Appeals (1) from orders of the Surrogate's Court of Schoharie County (Bartlett III, S.), entered August 28, 2013, April 22, 2014 and October 9, 2014, which, among other things, granted preliminary letters testamentary to petitioner, and (2) from orders and a decree of said court (Nichols, S.), entered January 25, 2016, March 4, 2016, August 15, 2016 and August 22, 2016, which, among other things, admitted to probate an instrument purporting to be the last will and testament of decedent.
William J. Kearney (hereinafter decedent) purportedly executed his last will and testament in 2010 and named petitioner, his wife, as the executor. Following his death in 2013, petitioner petitioned for letters testamentary and the probate of decedent's will. Surrogate's Court (Bartlett III, S.) issued preliminary letters testamentary, after which respondent, decedent's child from a previous marriage, filed pro se objections to probate in March 2014.[FN1] Surrogate's Court (Bartlett III, S.) thereafter directed respondent to serve his objections upon petitioner, extended the duration of the preliminary letters testamentary and eventually recused himself.
In a January 2016 order, Surrogate's Court (Nichols, S.) found respondent's objections to be defective and dismissed them without prejudice, staying the dismissal for 60 days so that respondent could prepare and serve proper objections. Respondent failed to do so, after which petitioner moved for summary judgment dismissing the objections on substantive grounds. Surrogate's Court issued an August 2016 order finding that respondent's objections had already been dismissed given his failure to comply with the terms of the January 2016 order and that petitioner's motion was accordingly moot. The result was the admission of decedent's will to probate and issuance of letters testamentary to petitioner. Respondent purports to appeal from a plethora of determinations that include, in relevant part, the January 2016 order and the August 2016 order.[FN2]
We affirm. Respondent acknowledged at oral argument that he received a copy of the January 2016 order soon after it was issued. As Surrogate's Court observed in that order, respondent's objections were not properly verified (see CPLR 3020, 3021; SCPA 303) and deviated in a significant and confusing way from the "technical requirements of pleadings providing, inter alia, that '[e]very pleading shall consist of plain and concise statements in consecutively numbered paragraphs' and that '[e]ach paragraph shall contain, as far as practicable, a single allegation'" (Matter of Gerena v New York State Div. of Parole, 266 AD2d 761, 761-762 [1999], quoting CPLR 3014; see SCPA 102, 302; Matter of Green v Dubray, 57 AD3d 1051, 1051 [2008], lv denied 12 NY3d 703 [2009]). The improper verification did not warrant action, as any objection to it was waived when petitioner failed to object to it in a timely manner (see Matter of Lentlie v Egan, 94 AD2d 839, 840 [1983], affd 61 NY2d 874 [1984]). In contrast, although the grossly improper form of the objections did not spell doom for respondent given the liberal construction afforded to pleadings and the direction that nonprejudicial defects be overlooked (see CPLR 3026), Surrogate's Court was free to address the problem by dismissing the objections and giving respondent 60 days to serve new ones in the correct form (see Matter of Green v Dubray, 57 AD3d at 1052; Matter of Gerena v New York State Div. of Parole, 266 AD2d at 762; see also Matter of Barnes v Fischer, 135 AD3d 1249, 1249-1250 [2016]). Surrogate's Court accurately determined in its August 2016 order that the objections were dismissed by operation of the January 2016 order when respondent failed to serve corrected objections as directed. Respondent's remaining contentions are, as a result, academic.
Egan Jr., J.P., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the orders and the decree are affirmed, without costs.



Footnotes

Footnote 1: Respondent claimed to speak for his brothers as well as himself but, as Surrogate's Court (Nichols, J.) noted, he is not a lawyer entitled to do so (see CPLR 321; Judiciary Law § 478).

Footnote 2: To the extent that respondent has appealed from appealable papers, it is unclear whether the appeal is timely, as the orders were issued over the course of several years and the record does not show when (or if) most of them were served upon him with notice of entry (see CPLR 5513 [a]; SCPA 2701 [1]). The appeal from the August 2016 order is timely, however, and respondent denied receiving a copy of the January 2016 order with notice of entry. We will treat his notice of appeal as valid with regard to that order as well (see Matter of Mink, 91 AD3d 1061, 1062 n 2 [2012]). Those two orders are dispositive.