Matter of Abram (2020 NY Slip Op 03195)





Matter of Abram


2020 NY Slip Op 03195


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


2450/2019 11616A 2450A/2019 11616

[*1]Estate of Sam Abram, Deceased,
In re Robert Abram, Petitioner-Appellant,
v
Edward A. Abram, et al., Respondents-Respondents, Fanny Lucia Mendez, Respondent.


Markewich and Rosenstock LLP, New York (Lawrence M. Rosenstock of counsel), for appellant.
Greenfield Stein & Senior, LLP, New York (Anne C. Bederka of counsel), for respondents.



Decree, Surrogate's Court, New York County, (Rita Mella, S.), entered on or about November 1, 2019, denying petitioner's appointment as an administrator of decedent's estate, and granting respondents' cross-petition to be appointed, unanimously affirmed, without costs. Decree (same court and Surrogate), entered on or about December 20, 2019, which, upon granting petitioner's motion to reargue, denied his motion to alter its prior determination to appoint petitioner as the administrator, and denied petitioner's alternative request to be made a joint administrator, unanimously affirmed, without costs.
The Surrogate did not abuse her discretion in not holding an evidentiary hearing on petitioner's allegations that one respondent was unfit to be granted temporary letters under SCPA 707. The scattered allegations, many either irrelevant to operation of the estate's business or separated widely in time, were adequately addressed by the imposition of a bond requirement and acknowledgment of the ultimate right to an accounting (see Matter of Marsh, 179 AD2d 578 [1st Dept 1992]).
Nor did the Surrogate abuse her discretion in failing to make petitioner a joint administrator. The nature of his allegations as to one of the respondents was sufficient to demonstrate his hostility towards him and the impracticability of the two working closely together (see Matter of Rudin, 15 AD3d 199, 200 [1st Dept 2005], lv denied 4 NY3d 710 [2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK