Matter of Bates (2026 NY Slip Op 01196)

Matter of Bates

2026 NY Slip Op 01196

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-04476

[*1]In the Matter of Mary Ann Bates, deceased. Matthew Serino, et al., appellants-respondents; Wayne D. Bates, etc., et al., respondents-appellants. (File No. 324/22)

The Law Firm of Daniel M. Miller, PLLC, Mahopac, NY, for appellants-respondents.
Withers Bergman LLP, New York, NY (Chaya Weinberg-Brodt and Alexander C. Haden of counsel), for respondent-appellant Wayne D. Bates.
Stephen M. Santoro, Sr., P.C., Holmes, NY, for respondent-appellant Stuart W. Bates III.

DECISION & ORDER
In a contested probate proceeding that was consolidated with an action for declaratory and injunctive relief, Matthew Serino, Andrew Serino, and Valerie Serino appeal, and Wayne D. Bates and Stuart W. Bates III separately cross-appeal, from an order of the Surrogate's Court, Putnam County (Joseph J. Spofford, Jr., S.), dated April 22, 2024. The order, insofar as appealed from, denied those branches of the cross-motion of Matthew Serino, Andrew Serino, and Valerie Serino which were to compel the production of stock certificates reflecting that Matthew Serino, Andrew Serino, and Valerie Serino collectively own a one-third interest in Stuart W. Bates, Inc., to invoke the in terrorem clause of the Mary Ann Bates Living Trust against Wayne D. Bates and Stuart W. Bates III, for a declaration that certain vehicles and equipment are assets of Stuart W. Bates, Inc., and to appoint a temporary receiver for Stuart W. Bates, Inc., and, in effect, searched the record and awarded Wayne D. Bates and Stuart W. Bates III summary judgment declaring that ownership of Stuart W. Bates, Inc., as well as vehicles and equipment belonging to Stuart W. Bates, Inc., are to be distributed pursuant to a provision of the eighth amendment to the Mary Ann Bates Living Trust concerning the disposition of property located at 36 Starr Ridge Road, Brewster. The order, insofar as cross-appealed from by Wayne D. Bates, denied his motion for summary judgment dismissing the claims of Matthew Serino, Andrew Serino, and Valerie Serino to assets of the Mary Ann Bates Living Trust based on their violation of the in terrorem clause of the Mary Ann Bates Living Trust.
ORDERED that the cross-appeal by Stuart W. Bates III is dismissed, as he is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, searching the record and awarding Wayne D. Bates and Stuart W. Bates III summary judgment declaring that ownership of Stuart W. Bates, Inc., as well as vehicles and equipment belonging to Stuart W. Bates, Inc., are to be distributed pursuant to a provision of the eighth amendment to the Mary Ann Bates Living Trust concerning the disposition of property located at 36 Starr Ridge Road, Brewster; as so modified, the order is affirmed insofar as appealed from and insofar as cross-appealed from by Wayne D. Bates; and it is further,
ORDERED that Matthew Serino, Andrew Serino, and Valerie Serino are awarded one bill of costs payable by Wayne D. Bates and Stuart W. Bates III.
While a proceeding concerning the probate of the last will and testament of Mary Ann Bates (hereinafter the decedent) was pending in the Surrogate's Court, Matthew Serino, Andrew Serino, and Valerie Serino (hereinafter collectively the Serinos), who are grandchildren of the decedent, commenced an action in the Supreme Court against, among others, the decedent's sons, Wayne D. Bates and Stuart W. Bates III, for declaratory and injunctive relief concerning ownership of Stuart W. Bates, Inc., a septic company that the decedent had owned (hereinafter the company). The Serinos alleged that a one-third ownership interest in the company was to be distributed to them pursuant to the residuary clause of the eighth amendment to the Mary Ann Bates Living Trust (hereinafter the trust).
The Surrogate's Court consolidated the action with the proceeding. Wayne moved for summary judgment dismissing the claims of the Serinos to assets of the trust based on a violation of the in terrorem clause of the trust. The Serinos cross-moved, inter alia, to compel the production of stock certificates reflecting that the Serinos collectively own a one-third interest in the company, to invoke the in terrorem clause of the trust against Wayne and Stuart, for a declaration that certain vehicles and equipment were assets of the company, and to appoint a temporary receiver for the company. Stuart submitted an affidavit in support of the motion and in opposition to the cross-motion.
In an order dated April 22, 2024, the Surrogate's Court denied Wayne's motion, denied those branches of the Serinos' cross-motion, and, in effect, searched the record and awarded Wayne and Stuart summary judgment declaring that ownership of the company, as well as the vehicles and equipment belonging to it, are to be distributed pursuant to a provision of the eighth amendment to the trust concerning the disposition of property located at 36 Starr Ridge Road, Brewster.
Where a trust's language is unambiguous, "[the] trust instrument is to be construed as written, and the grantors' intention is to be determined solely from the unambiguous language of the instrument itself" (Matter of Arline J. [James J.—Falasco], 174 AD3d 604, 606; see Matter of Hanlon, 169 AD3d 1039, 1041). In construing a trust, "effect is to be given to [the grantor's] intention unless it is contrary to public policy or law" (Matter of Gilbert, 39 NY2d 663, 666). "It is only where the court determines the words of the trust instrument to be ambiguous that it may properly resort to extrinsic evidence" (Mercury Bay Boating Club v San Diego Yacht Club, 76 NY2d 256, 267).
Here, there is an ambiguity within the provision of the eighth amendment to the trust concerning the distribution of 36 Starr Ridge Road "together with all contents" and whether the company, which operated out of that address, and its vehicles and equipment, which were all stored at that address, should be distributed pursuant to that provision or the residuary clause. In light of that ambiguity, the Surrogate's Court properly denied those branches of the Serinos' cross-motion which were to compel the production of stock certificates reflecting that the Serinos collectively own a one-third interest in the company and for a declaration that certain vehicles and equipment were assets of the company. However, the court erred in, in effect, searching the record and awarding Wayne and Stuart summary judgment declaring that ownership of the company was to be distributed pursuant to the provision of the eighth amendment to the trust concerning the disposition of 36 Starr Ridge Road and its contents, as the parties' submissions failed to demonstrate, as a matter of law, that this distribution was the decedent's intent.
"[W]hile in terrorem clauses are enforceable, they are 'not favored and [must be] strictly construed'" (Matter of Singer, 13 NY3d 447, 451, quoting Matter of Fairbairn, 46 AD3d 973, 974; see Carlson v Colangelo, 44 NY3d 116; Matter of Ellis, 252 AD2d 118, 127). When construing a trust agreement, "a court must first look within the four corners of a trust instrument to determine the grantor's intent" (Matter of Piel, 10 NY3d 163, 166; see Carlson v Colangelo, 44 NY3d 116). "We are mindful that in terrorem clauses are 'normally used to deter challenges to the validity of various types of donative instruments and their provisions, thus generally serving purposes other than inhibiting litigation to enforce a trust created by the instrument'" (Carlson v Colangelo, 44 NY3d at 124, quoting Restatement [Third] of Trusts § 96, Comment a). Here, Wayne [*2]failed to demonstrate, prima facie, that the in terrorem clause of the trust should be invoked against the Serinos for commencing the action, and the Serinos failed to demonstrate, prima facie, that the in terrorem clause should be invoked against Wayne or Stuart based on the arguments they advanced in this proceeding/action, as no party challenged the validity of the trust instrument (see id.; Matter of Sochurek, 174 AD3d 908, 910-911; cf. Matter of Tumminello v Bolten, 59 AD3d 727, 728). Accordingly, the Surrogate's Court properly denied Wayne's motion and that branch of the Serinos' cross-motion which was to invoke the in terrorem clause against Wayne and Stuart.
The Serinos' remaining contention is without merit.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court