Matter of Southlea (2026 NY Slip Op 50386(U))

[*1]

Matter of Southlea

2026 NY Slip Op 50386(U)

Decided on March 13, 2026

Surrogate's Court, Putnam County

Molé, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 13, 2026
Surrogate's Court, Putnam County

In the Matter of the Application for Appointing a Successor Trustee and the Issuance of Successor Letters of Trusteeship Under Paragraph "SECOND (a)" of the Last Will and Testament of Meryl E. Southlea (deceased).

File No. 2005-125/J

William T. Barbera, Esq.Attorney for Petitioner Trevor Southlea198 Sparks AvenuePelham, NY 10803Email: williambarberaesq@gmail.comMr. Kendall SouthleaRespondent, Pro se

Anthony R. Molé, S.

In accordance with CPLR 2219 (a) and 22 NYCRR 207.7, the following papers were read and considered on the motion of petitioner TREVOR SOUTHLEA (mot. seq. no. 1), requesting, among other forms of relief, to dismiss the combined "Objection[s] to Petition and Motion to Dismiss" filed by Respondent KENDALL SOUTHLEA on October 21, 2025, which were subsequently amended by his later filing on December 12, 2025 that is denominated as "Amended Objections to Petition and Motion to Dismiss,"[FN1]
on the grounds that the Respondent KENDALL SOUTHLEA's objections and purported motion, as drafted and amended, fail to comply with the statutory requirements of the SCPA and the CPLR, are inadmissible, and his written objections fail to meet the requisite pleading requirements; and various other forms of relief in connection with discovery-related issues, a stay of this proceeding, and imposing [*2]sanctions against the Respondent KENDALL SOUTHLEA.
Papers:
• Respondent's "Objection to Petition and Motion to Dismiss" (filed Oct. 21, 2025)• Petitioner's Notice of Motion; Counsel's Affirmation in Support, Exhibit A (filed Nov. 5, 2025)• Court Notice (dated Nov. 19, 2025)• Respondent's Purported Notice of Cross-Motion (undated)• Respondent's "Amended Objections to Petition and Motion to Dismiss" (filed Dec. 12, 2025)• Counsel's Reply Affirmation in Further Support (filed Dec. 22, 2025)Upon review of the aforesaid papers,[FN2]
the Court finds, holds, and determines as follows:
I. Background

For purposes of deciding petitioner's motion, the Court shall set forth an abbreviated recitation of the relevant facts, as necessary, as well as the significant procedural history. In so doing, the undersigned incorporates by reference herein its prior decisions and orders dated December 12, 2022 (see Matter of Southlea, 2022 WL 19358614, 2022 NY Slip Op 34519[U] [Sur Ct, Putnam County 2022] [under sub-record "F"), and February 3, 2025 (under sub-record "I").[FN3]

This is a proceeding, pursuant to SCPA 1502, to issue letters of successor trusteeship for the testamentary trust created under the will of Meryl Southlea (hereinafter the decedent), under paragraph "SECOND (a)."[FN4]
The decedent established a trust for the parties' benefit of her stock holdings in South-Glo Properties, Inc., which is a real estate business involved in the ownership, management, and operation of an apartment building in the Village of Pelham, Westchester County. 
The parties in this matter are brothers who, to say the least, have a turbulent relationship that has become antagonistic (see Matter of Southlea, 2022 NY Slip Op 34519[U], at *7-12). In its prior decisions, this Court previously denied and dismissed the petitions of Kendall Southlea [*3](hereinafter respondent) to be appointed as the successor trustee (see id.). 
The decedent, who died in 2004, is the deceased mother of the parties. She made a will in 1995 nominating her son, petitioner, as the proposed executor of her estate. Shortly thereafter, petitioner was appointed as the executor of the decedent's estate in accordance with the will, which was admitted to probate in 2005.[FN5]
The decedent's estate was judicially settled in 2010. 
The crux of the parties' dispute is who should be appointed the successor trustee of the testamentary trust established in the decedent's will, wherein the decedent named her two sons, the parties herein, as the beneficiaries.
Decedent's spouse (Warren R. Southlea) was named as the sole trustee in paragraph "EIGHTH" of the will (see Matter of Southlea, 2022 NY Slip Op 34519[U], at *2).[FN6]
In 2005, he was issued letters of trusteeship simultaneously when the decedent's will was admitted to probate and petitioner was appointed the fiduciary of her estate. The subject trust does not name nor nominate a proposed successor trustee upon the death of the original trustee. The parties have been battling over this issue for the last several years.
On May 16, 2025, Trevor Southlea (hereinafter petitioner), through counsel, filed a petition requesting to be appointed as the successor trustee of the testamentary trust and to be issued successor letters of trusteeship. A Citation was issued for August 22, 2025, when the parties appeared and jurisdiction was deemed complete. On the return date of the Citation, the Court fixed a deadline of October 22, 2025 for respondent to file his written objections. He timely filed them.
On October 12, 2025, respondent, pro se, filed a combined document, totaling four pages, entitled "Objection to Petition and Motion to Dismiss." His objections are unnumbered, undated, and consist of two pages. 
Page three of respondent's October 2025 filing is a single-page document entitled "Cross [-]Petition," wherein he states "[i]f the court deems a Trust to exist in the [d]ecedent's [e]state . . ., and . . . the Respondent as legal heir and beneficiary requests he be appointed Successor Trustee pursuant to a nunc pro tunc judgement to correct errors made in the 2022 Decision and Order . . . as further detailed in the attached Objection." The last page of respondent's October 2025 filing is a verification page, reflecting it was sworn to before a notary public on October 16, 2025, and states that "I am the Respondent/Objectant in this case," that "I have ready (sic) the above objections and know the contents of the objections." It also contains language by respondent that the "statements are true to the best of my knowledge" except for claims stated upon his "information and belief," which words are, in fact, absent from respondent's objections and purported "cross[-]petition."[FN7]

On November 5, 2025, petitioner moved to dismiss respondent's written objections. [*4]Petitioner argues that respondent's October 2025 filing is wholly improper in many respects and his written objections were not filed in proper form. The Court agrees with petitioner's premise. 
Pursuant to a Court Notice dated November 19, 2025, the Court set forth a firm briefing schedule on petitioner's motion to dismiss and underscored that petitioner's motion to dismiss was the "only properly filed motion that is currently pending" (emphasis supplied). Respondent, in endeavoring to answer/respond to petitioner's motion, did not file opposition papers thereto. Instead, on December 12, 2025, respondent filed a document denominated as "AmendedObjections to Petition and Motion to Dismiss," wherein he recites many of the same objections as are asserted in his October 2025 filing. His purported amended objections are handwritten, bullet pointed, and virtually identical to his initial filing. 
On December 22, 2025, petitioner filed reply papers to his motion, reiterating his demand to dismiss respondent's objections and, in addition, asking to award him summary judgment upon the petition under CPLR 3212. Petitioner's motion is deemed fully submitted.
II. Legal Analysis and Discussion

To begin, the Court is compelled to note the following as a preliminary matter. "[A]n inexperienced litigant who chooses to represent himself or herself in court does so with a degree of risk involved" (Sloninski v Weston, 232 AD2d 913, 914 [3d Dept 1996], lv denied 89 NY2d 809 [1997]; see generally Tiflinskiy v Bell, 25 Misc 3d 140[A], *1 [App Term, 2d Dept, 11th & 13th Jud Dists 2009]). "[A]lthough courts will routinely afford pro se litigants . . . some latitude, a litigant's decision to proceed without counsel does not confer any greater rights than those afforded to other litigants" (Mirzoeff v Nagar, 52 AD3d 789, 789 [2d Dept 2008] [emphasis added] [internal quotation marks and citation omitted]; accord Bank of Am., N.A. v Afflick, 172 AD3d 1146, 1147 [2d Dept 2019]).[FN8]

The Court recites as much again because respondent's choice to be a self-represented litigant — as a non-attorney who is unable to navigate through the unique nuances, practices, and procedures of trust and estate matters often requiring the services of sophisticated counsel in surrogate's courts — has been only to his detriment, thus resulting in several adverse decisions and adjudications against him both on procedural and substantive grounds. Respondent is, and has been, self-represented throughout the duration of this proceeding.[FN9]
His filings in this proceeding have muddled the record in a convoluted way.
Petitioner, in moving for dismissal, attacks the grossly improper filings of respondent, noting that his October 2025 filing is mislabeled as "Objection to Petition and Motion to Dismiss." Petitioner claims that respondent's purported motion and objections are "improper in service, form[,] and composition"; and therefore, they "must be dismissed in their entirety" [*5](affirmation of petitioner's counsel in support of mot ¶ 7). Petitioner asserts that respondent improperly intertwines a motion and pleading, that his filings are so "poorly drafted," and are therefore "unanswerable" (id. at ¶ 12). Petitioner thus urges that respondent's written objections are subject to dismissal insofar that they predominantly hinge on "unsupported general claims without any proof or substantiation of existing fact or law to support the claim[s]" (id. at ¶ 14).
A. Respondent's Filings
Beginning first with procedural points, the documents filed by respondent in October 2025 consist of objections, a purported "cross[-]petition," and a purported dismissal motion. His submissions are replete with infirmities.
We begin with the well-established principle that the rules, practices, and procedures of the Civil Practice Law and Rules (CPLR) apply to proceedings in surrogate's courts (see SCPA 102 ["(t)he CPLR and other laws applicable to practice and procedure apply in the surrogate's court"]; see also Matter of Moros, 12 AD3d 373, 373 [2d Dept 2004]). For starters, respondent's October 2025 filing, standing alone, is procedurally deficient. The Court declines to treat his October 2025 filing as a motion to dismiss (see CPLR 2214; SCPA 102). His purported "cross[-]petition" was not properly filed insofar that "'[e]very pleading shall consist of plain and concise statements in consecutively numbered paragraphs' and that '[e]ach paragraph shall contain, as far as practicable, a single allegation'" (Matter of Kearney, 182 AD3d 705, 706 [3d Dept 2020], quoting CPLR 3014; see SCPA 102; 302; see generally Matter of Green v Dubray, 57 AD3d 1051, 1051 [3d Dept 2008], lv denied 12 NY3d 703 [2009]). 
SCPA 301 provides that "a proceeding is commenced upon the filing of a petition" (Matter of Sponholz, 62 Misc 3d 1222[A], *3 [Sur Ct, Erie County 2019]). Respondent did not pay the required filing fee for his purported cross-petition (see id.; see also SCPA 2402 [8] [a] [requiring a $45 filing fee for a petition requesting the appointment of a trustee]). Moreover, respondent's submissions conflate pleadings with motions (see SCPA 102; 302; CPLR 2214; 3011). His filings, in effect, combine his written objections with a purported "cross[-]petition" and a purported motion to dismiss the underlying petition. This was procedurally improper. 
The Court holds that respondent did not file a proper cross-motion on notice as defined in the CPLR (see CPLR 2214; SCPA 102). Nor did respondent properly file a cross-petition (see SCPA 301; 2402 [8] [a]). Given the procedural posture at the time when petitioner first moved to dismiss the objections by properly filing, on notice, a written motion on November 5, 2025, respondent, in turn, did not properly and timely file a cross-motion as required by CPLR 2215 because he failed to formally notice the application to defendant that he would be cross-moving in accordance with the CPLR for affirmative relief by requesting a court order to dismiss the petition (see CPLR 2214 [b]; 2215; Doe v State of New York, 11 AD3d 579, 579 [2d Dept 2004]; cf. Rodriguez v 2526 Valentine LLC, 133 AD3d 528, 528 [1st Dept 2015]). "The express language of CPLR 2215 is clear that cross-motions are solely for seeking relief against the initial moving party" (Pizzo v Lustig, 216 AD3d 38, 43 [2d Dept 2023]).
"A motion on notice is made when a notice of the motion . . . is [properly] served" (CPLR 2211; see Cascade Bldrs. Corp. v Rugar, 193 AD3d 1283, 1285 n 1 [3d Dept 2021]; Gazes v Bennett, 38 AD3d 287, 288 [1st Dept 2007]). " A notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded[,] and the grounds therefor" (CPLR 2214 [a]). "Answering affidavits and any notice of cross-motion, with supporting papers, if any, shall be served at least seven days [*6]before such time if a notice of motion [is] served at least sixteen days before such time so demands" (id. at [b]). 
Here, respondent, in effect, filed a purported cross-motion to dismiss the petition by submitting an undated "notice of motion" containing a return/submit date of November 21, 2025,[FN10]
 stating that he is requesting an order "to dismiss the petition for letter of successor trusteeship sought by the Petitioner." The bottom right corner of the notice of the motion states the words "pro se" and what may presumably be respondent's signature. There are no supporting papers attached to respondent's purported motion other than an affidavit of service appended to the notice, which reflects that a nonparty over 18 years old mailed a "notice of service [/] notice of motion" to petitioner's home address on "November 18th." 
In other words, respondent's papers in connection with his purported cross-motion were allegedly served upon petitioner by mail (not his attorney) three days before the specified return date of November 21, 2025. This was also procedurally improper. Respondent's attempted service of his purported "cross-motion" upon petitioner is defective. "CPLR 2103 specifically pertains to the service of papers and provides that 'papers to be served upon a party in a pending action shall be served upon the party's attorney'" (Matter of Andersen v Bosworth, 235 AD3d 1159, 1161 [3d Dept 2025], quoting CPLR 2103 [b]). "Accordingly, service on an opposing party represented by counsel requires service on the attorney, not the party" (Matter of Andersen v Bosworth, 235 AD3d at 1161-1162 [internal quotation marks and citations omitted]). 
Based on all of the foregoing, respondent's purported cross-motion to dismiss is defective for failure to comply with the statutory requirements of the CPLR for a variety of reasons (see CPLR 2103 [b]; 2214; Uniform Rules for the Surrogate's Court [22 NYCRR] § 207.7 [b] ["Service and filing of papers; motions"]). Respondent failed to file "the supporting papers upon which [his] motion is based" (CPLR 2214). This was error on his part (see id.; CPLR 2215). Mindful of respondent's status as a self-represented litigant, the Court declines to disregard and excuse the egregious deficiencies in his October 2025 filing because petitioner would be prejudiced (see CPLR 2001; Matter of LiMandri, 171 AD2d 747, 747 [2d Dept 1991]; Matter of Stewart, 20 Misc 3d 1102[A], 2008 NY Slip Op 51190[U], *3 [Sur Ct, Nassau County 2008], affd 65 AD3d 634 [2d Dept 2009]).
Turning next to respondent's December 2025 filing couched as "Amended Objections to Petition and Motion to Dismiss," the Court also finds that submission to be procedurally defective. First, his purported amended objections are not properly verified (see SCPA 303; CPLR 3020, 3021; Matter of Kearney, 182 AD3d 705, 705 [3d Dept 2020]). Nor are respondent's purported amended objections affirmed under the penalties of perjury and thus are in inadmissible form because they do not in any way conform with the required language set forth in CPLR 2106 (a).[FN11]

Secondly, it is fair to say that respondent's purported objections, as amended, "deviate[] in a significant and confusing way from the technical requirements of pleadings" (Matter of Kearney, 182 AD3d at 706 [internal quotation marks and citation omitted]). Third, they are also in derogation of CPLR 3014 (see SCPA 102; 302). Hence, the Court declines to treat respondent's December 2025 filing to constitute amended objections that were properly filed. Furthermore, the Court declines to treat respondent's December 2025 filing as opposition to petitioner's motion to dismiss given the many technical infirmities with that filing that do not constitute as responsive papers to said motion (see CPLR 2214 [b]; see also 22 NYCRR § 207.7 [b]). 
B. Petitioner's Motion to Dismiss
After closely examining respondent's October 2025 filing and discerning it to be as what is most functionally equivalent to a pleading, which warrants a liberal reading and construction (see CPLR 3026), the undersigned shall partially excuse and overlook certain irregularities, defects, and deficiencies in that filing (see CPLR 2001). Accordingly, the Court treats the first two pages of respondent's October 2025 filing as a pleading consisting of his written objections to the subject petition since they were verified (see CPLR 3014; SCPA 102; 302; see also Matter of Kearney, 182 AD3d at 706). 
The Court, however, declines to treat respondent's December 2025 filing as opposition to petitioner's motion to dismiss since it is virtually identical to his verified objections that were filed two months earlier. This means, in other words, that respondent did not effectively file responsive papers in squarely addressing and opposing the legal arguments and contentions set forth in petitioner's moving papers (see CPLR 2214 [b]; court notice [dated Nov. 19, 2025]). Thus, respondent has, in effect, defaulted in answering petitioner's motion to dismiss. We now turn to the merits of petitioner's dismissal motion.
"On a motion to dismiss objections for failure to meet the basic pleading requirements, there is a fundamental mandate to construe pleadings liberally in order to ensure that a claim with substance not be sacrificed to mere formality. That said, bare legal conclusions lacking factual specificity are insufficient to defeat a motion to dismiss" (Matter of Capolarello, 86 Misc 3d 309, 310 [Sur Ct, Queens County 2024]; see SCPA 302 [2]; CPLR 3211 [7]; Matter of Allan, 5 NY2d 333, 345 [1959]). 
In his October 2025 filing, respondent objects to the underlying relief sought by petitioner based on the following grounds asserted therein: (i) "improper service" of the citation with "no petition"; (ii) application of the doctrine of res judicata (claim preclusion) in view of the Court's prior 2022 and 2025 decisions; (iii) petitioner's alleged failure to take "due diligence to set up the Trust . . . such as obtaining an [employer identification number (EIN)] and death [*7]certificate of the deceased Trustee," who was the parties' father and died in 2019 (see Matter of Southlea, 2022 NY Slip Op 34519[U], at *1-2); (iv) that the trust is "invalid and functionally inexistent" inasmuch as there is "no res in the Trust"; (v) that this Court is without subject matter jurisdiction "due to the nature of the case"; and because respondent "believes that the Petitioner . . . is ineligible according to some qualities listed in [SPCA] 707, such as the Petitioner is . . . 'an incompetent' and 'one who does not possess the qualifications required of a fiduciary by reason of substance abuse, dishonesty, improvidence, want of understanding, or who is otherwise unfit for the execution of the office'" (respondent's objections filed Oct. 21, 2025 at 2, quoting SCPA 707 [1] [b], [d]). 
"[A]lthough the grossly improper form of the [October 2025] objections [should] not spell doom for respondent given the liberal construction afforded to pleadings and the direction that nonprejudicial defects be overlooked" (Matter of Kearney, 182 AD3d at 706), the Court grants petitioner's motion to dismiss respondent's written objections in their entirety. In so holding, the Court finds that the objections set forth in that filing are without merit and tend to mostly contradict the record of the decedent's estate dating back to 2021. His allegations and claims are contrary to the doctrine of the law of the case based,[FN12]
in large part, on this Court's prior findings, holdings, and determinations rendered in the 2022 and 2025 decisions. 
"While courts are required to construe pleadings liberally, especially when filed by a pro se litigant" (see Deborah S. Kearns, Prac Commentaries, McKinney's Cons Laws of NY, SCPA 302), SCPA 302 still requires that "[s]tatements in a pleading . . . be sufficiently particular to give the court and parties notice of the claim" (Matter of Bryer, NYLJ, Aug. 15, 2019 at 26, col 6 [Sur Ct, NY County 2019]).[FN13]
Here, the Court holds that respondent's objections fall woefully short in meeting this low standard (see id.). The allegations made in support of the objections are devoid of any pointed reference or support other than respondent's blanket assertions. All of [*8]respondent's objections are without merit. Upon review, the objections contain "overly broad and rambling allegations" challenging service of the Citation in this proceeding, this Court's subject matter jurisdiction, and the prior 2022 and 2025 decisions (Matter of Barnes v Fischer, 135 AD3d 1249, 1249-1250 [3d Dept 2016]). 
Respondent's objection that petitioner is unfit and "ineligible" to be appointed a successor fiduciary is conclusory and predicated on sheer speculation. Indeed, "conclusory allegations — claims consisting of bare legal conclusions with no factual specificity — are insufficient to survive a motion to dismiss" (Godfrey v Spano, 13 NY3d 358, 373 [2009]). Because respondent's objections constitute his responsive pleading to the underlying petition, they "must be sufficiently particular to give the court and parties notice of the claim, objection, or defense" (Matter of Holterbosch, 216 AD3d 783, 784 [2d Dept 2023]; see SCPA 302 [2]; Matter of Grotzinger, 81 AD2d 268, 282 [1st Dept 1981]). When viewed in their totality, they fail to reach that minimal threshold. His objections are therefore denied and dismissed, with prejudice, in their totality. 
C. Petitioner's Appointment as the Successor Trustee
Well-established precedent holds that the appointment of a successor trustee is within the broad discretion of the Surrogate (see SCPA 1502 [2]; Matter of Rudin, 15 AD3d 199, 200 [1st Dept 2005]; Matter of Rehfuss, 171 AD2d 1022, 1022 [4th Dept 1991]). Because respondent's objections have been dismissed in their entirety, the Court, for the reasons that follow, grants the petition and appoints petitioner as the successor trustee of the testamentary trust created in Paragraph "SECOND (a)" of the decedent's will. 
Pursuant to SCPA 1502 (1), a surrogate can appoint a successor trustee when no trustee is serving or can act when the trust needs administration. SCPA 1502 (5) provides that "[t]he court may appoint a successor trustee for any purposes deemed necessary to complete administration or distribution of a trust which has terminated by the occurrence of the event measuring its duration when there is no person in office able to execute it" (emphasis added).[FN14]

"SCPA 1502 (2) provides that the court shall not appoint a trustee, successor[,] or co-trustee if such would contradict the [w]ill's express terms, or if the named trustee is not disqualified to act" (Matter of Fernbach, 257 AD2d 537, 538 [1st Dept 1999]). "The power of the appointment vested in the court to appoint trustees, while largely discretionary, is not to be exercised arbitrarily, but with due consideration of the wishes of those chiefly interested, except where there is some question of fitness of the suggested appointee, or where the beneficiaries fail [*9]to agree" (Matter of Gunther, 197 AD 28, 39 [1st Dept 1921]). Accordingly, a court may exercise its sound discretion to appoint a successor trustee (and issue successor letters of trusteeship) to any person eligible under SCPA 707 and who otherwise qualifies under SCPA 708 (see id.; Matter of Daverin, 1998 WL 35421907, *1-2 [Sur Ct, Nassau County 1998]). 
Critically, the Court notes that the testamentary trust created in the decedent's will terminated upon the death of the trustee (the parties' father) in 2019 (see Matter of Rudin, 15 AD3d at 200; see also SCPA 1502 [5]; EPTL 7-2.3 ["Trust Estate Not to Descend on Death of Trustee; Appointment, Duties and Rights of Successor Trustee"]). EPTL 7-2.3 (a) states, as applicable here, that "if the trust has not been executed, the trust estate vests in . . . the surrogate's court . . . and the trust shall be executed by a person appointed by the court." 
Indeed, "[b]oth EPTL § 7-2.3 and SCPA § 1502 empower a Surrogate's Court to appoint a successor trustee in situations where it appears necessary for the administration or distribution of the trust" (Matter of William M. Kline Revocable Trust, 196 Misc 2d 66, 69 [Sur Ct, Fulton County, 2003]). The need for a successor trustee in this case was apparent upon the death of the original trustee, thus prompting closure of the trust (see id.).
"Where a trust's language is unambiguous, the trust instrument is to be construed as written, and the grantors' intention is to be determined solely from the unambiguous language of the instrument itself" (Matter of Bates, ___ AD3d ___, ___, 2026 NY Slip Op 01196, *1 [2d Dept 2026] [internal brackets, quotation marks, and citation omitted]). "In construing a trust, 'effect is to be given to the grantor's intention unless it is contrary to public policy or law'" (id. [brackets omitted], quoting Matter of Gilbert, 39 NY2d 663, 666 [1976]). 
Relevant here, the testamentary trust in the decedent's will provides that "[u]pon the death of the trustee, all shares, and remaining income and principal (with adjustment for amounts previously paid) shall be paid and distributed to my then living issue, in equal shares per stirpes." In reading and construing the ordinary and plain meaning of this provision, the undersigned discerns from the aforesaid language the decedent's intention to pay and distribute all of the trust estate, including the corpus, shares, income, and principal in the trust, to the decedent's living children (who are the parties herein), upon the death of the original trustee (the decedent's spouse / the parties' father). The Court finds it hard pressed to construe a different meaning or interpretation of the foregoing provision. Reasonably read, this provision of the decedent's will in connection with the testamentary trust indicates the decedent's desire that the entire trust estate should be paid out to the parties. 
Importantly, there is no express provision manifesting the decedent's desire to continue administration of the trust or for the potential future appointment of a substitute trustee upon the death of the originally appointed trustee (cf. Matter of Jones, 91 Misc 2d 143, 144 [Sur Ct, New York County 1977]). Therefore, the clear and unequivocal language of the trust does not warrant disregarding the express intent of the testatrix, in order to give effect to the desired intent of the decedent to essentially close out the trust "[u]pon the death of the trustee," which was foreseeable (compare id.). 
Since there is no potential successor trustee nominated in the testamentary trust, someone must be appointed to administer and distribute the trust estate and close it out (see SCPA 1502 [5]). Contrary to respondent's unsupported claim, the Court finds that petitioner is eligible and competent and would be capable of doing so in a fair, righteous, and equitable manner — particularly given the fact that he is the decedent's son, she chose him to be her estate fiduciary under the will, and he has served as the executor of his mother's estate from inception to closure [*10](see Matter of Fernbach, 257 AD2d at 537-538; see also SCPA 707). 
In reaching this decision, the Court is mindful of the antagonism and personal hostility between the parties. That, however, should not serve as an impediment in completing the final administration of the trust, distributing the trust estate, and ending this dispute between the parties (see SCPA 1502 [5]). Having the authority and discretion, the undersigned appoints petitioner as the successor trustee of the testamentary trust created in the decedent's will (see Matter of Fernbach, 257 AD2d at 538; see also EPTL 7-2.3). 
All things considered, the appointment of petitioner as the successor trustee would be more conducive to the complete administration of the trust. Therefore, the petition is granted (see SCPA 1502 [1]; Matter of Fernbach, 257 AD2d at 538). In light of this decision, petitioner is directed to adhere and comply in all respects with Estates, Powers and Trusts Law § 7-2.3. 
The remaining branches of petitioner's motion inclusive of, among other relief, various discovery-related issues, a stay of this proceeding, and the imposition of sanctions against respondent are rendered moot and need not be decided in light of the final disposition, and are therefore denied (see generally CPLR 2201; 22 NYCRR 130-1.1; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]; NJCC-NYS Community Restoration Fund, LLC v Ruiz, 228 AD3d 771, 772 [2d Dept 2024]; Whelan v Busiello, 219 AD3d 778, 780-781 [2d Dept 2023], lv dismissed 40 NY3d 1090 [2024]). 
To the extent not specifically mentioned herein, the parties' remaining contentions have been examined and determined to be without merit. Any other relief requested that is not squarely addressed herein is either rendered academic or denied based on this decision. Accordingly, it is hereby:
Ordered, Adjudged, and Decreed that the petition of TREVOR SOUTHLEA seeking appointment as the successor trustee of the testamentary trust created in Paragraph "SECOND (a)" of the will, dated October 5, 1995, of the decedent Meryl E. Southlea, is GRANTED; and it is further
Ordered that the written Objections of respondent KENDALL SOUTHLEA, as deemed filed on October 21, 2025, are denied and dismissed in their entirety, with prejudice; and it is further
Ordered and Decreed that successor letters of trusteeship shall issue to TREVOR SOUTHLEA, as the successor trustee of the subject testamentary trust; and it is further
Ordered and Decreed that successor letters of trusteeship for the subject trust shall issue to TREVOR SOUTHLEA upon duly qualifying; and it is further
Ordered and Decreed that the successor trustee appointed herein, TREVOR SOUTHLEA, shall serve as the substitute fiduciary of the subject trust without furnishing any bond or security [FN15]
; and as such, TREVOR SOUTHLEA shall administer the subject trust to [*11]complete administration pursuant to its terms and in accordance with the provisions thereof, any applicable federal laws, and the laws of this State governing trusts, inclusive of Estates, Powers and Trusts Law § 7-2.3; and it is further
Ordered that petitioner TREVOR SOUTHLEA shall cause a copy of this "Decision and Order" to be served — with notice of entry — upon respondent KENDALL SOUTHLEA within thirty (30) days from the date herein; and respondent shall cause proof of such service to be filed with the Court; and it is further
Ordered that the Clerk of the Court shall accordingly mark this proceeding as disposed.
The foregoing constitutes the final decision, order, and decree of this Court.
Dated: March 13, 2026Carmel, New YorkE N T E R:HON. ANTHONY R. MOLÉ SURROGATE

Footnotes

Footnote 1:Respondent Kendall Southlea's "Amended Objections to Petition and Motion to Dismiss" are handwritten, consist of three total pages, and are improperly combined into one consolidated filing. 

Footnote 2:The Court also takes judicial notice of the record of the estate file concerning the decedent and all pleadings filed in this proceeding.

Footnote 3:The Court shall refer to each as the 2022 decision and the 2025 decision, respectively.

Footnote 4:It states: "I give the Shares of Stock in the SouthGlo Properties Corp., as follows . . . if WARREN SOUTHLEA shall be alive at my death, said stock instead shall be given to my Trustee and held by my Trustee, IN TRUST, as a single trust for the benefit of my then living children and more remote issue, as hereinafter provided. My Trustee shall pay so much or all of the net income and principal of this trust to, or for the benefit of, any one or more of said group, for their health, education, maintenance and support, as determined in the absolute discretion of my Trustee, without any requirement of equality. Upon the death of the trustee, all shares, and remaining income and principal (with adjustment for amounts previously paid) shall be paid and distributed to my then living issue, in equal shares per stirpes."

Footnote 5:The Decree granting petitioner letters testamentary is dated July 28, 2005 (Hon. James T. Rooney, Surrogate [retired]).

Footnote 6:The parties were litigating their father's estate in Surrogate's Court, Westchester County under File No. 2022-1072.

Footnote 7:Respondent's purported "cross[-]petition" was not properly filed with the Clerk's Office; hence, it was not formally processed and docketed (see generally SCPA 2402 [8] [a]).

Footnote 8:The Court footnoted this very same cautionary message in its 2022 decision and order (see Matter of Southlea, 2022 NY Slip Op 34519[U] at *3 n 3).

Footnote 9:Parenthetically, respondent has been endeavoring to handle trust and estate matters as a pro se litigant in various prior proceedings before the undersigned. The Court notes that on the return date of the Citation, the undersigned informed respondent that he has a right to retain private counsel to assist him and strongly encouraged him to consult with counsel.

Footnote 10:Respondent's notice of motion was done using an apparent template form.

Footnote 11:CPLR 2106, as amended on November 21, 2025, is entitled "Affirmation of truth of statement." It provides that "[t]he statement of any person wherever made, subscribed and affirmed by that person to be true under the penalties of perjury, may be used in an action in New York in lieu of and with the same force and effect as an affidavit" (Kallo v Kane St. Synagogue, 241 AD3d 522, 523 [2d Dept 2025]). It further requires that "[s]uch affirmation shall be in substantially the following form," stating more or less that "I affirm this ___ day of ______, ____, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law." Neither of respondent's initial nor amended objections contain any such language of this statutory requirement (see CPLR 2106 [a]).

Footnote 12:"The doctrine of the law of the case is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned. The law of the case operates to foreclose re-examination of the question absent a showing of subsequent evidence or change of law. The doctrine applies only to legal determinations that were necessarily resolved on the merits in a prior decision" (Strujan v Glencord Bldg. Corp., 137 AD3d 1252, 1253 [2d Dept 2016] [internal rackets, quotation marks, and citations omitted]). "[t]he doctrine only applies when the prior ruling directly passed upon a question of law that is essential to the determination of the matter" (Matter of Falck, 232 AD3d 1150, 1155 [3d Dept 2024] [internal quotation marks and citations omitted]).

Footnote 13:"SCPA 302 (2) requires that statements in a pleading be sufficiently particular to give the court and parties notice of a claim, objection or defense, and contain demand for the relief sought. While this statute has been interpreted to require that the pleading be sufficiently informative so as to give notice of the objection which the party advancing it seeks to prove nevertheless, the test of any good pleading is whether it advises litigants and the court clearly and unambiguously of the pleader's intentions as to his objections, and whether the essential facts which are required to give such notice are stated" (Matter of Faile, 1997 NYLJ Lexis 2784, *5-6 [Sur Ct, Westchester County 1997] [internal citations omitted]).

Footnote 14:"There would seem to be no doubt as to the power of the Surrogate to appoint a successor trustee in a proper case and to designate a particular person or corporation to act. In fact, where vacancy and necessity exist, plenary power is vested in the Court to make an appointment. The fitness and qualifications of the person to be appointed appear to be matters for determination of the Court, and while nominees may be proposed by those interested, the Surrogate is under no compulsion to appoint any such nominee, nor is he bound to name the petitioner. No order of priority controls and none of the parties to the proceeding need be named although the right to exclude them will be sparingly exercised" (Matter of Astor, 2 Misc 2d 385, 387 [Sur Ct, Columbia County 1956] [citations omitted]).

Footnote 15:EPTL 7-2.3 (b) (1) states that "the court may appoint a successor trustee, even though the trust has terminated, whenever in the opinion of the court such appointment is necessary for the effective administration and distribution of the trust estate, subject to . . . giv[ing] security in such amount as the court may direct" (EPTL 7-2.3 [b] [1]). Because paragraph EIGHTH of the testatrix's will expressly states that "no . . . Trustee shall be required to file or furnish any bond, surety[,] or other security in any jurisdiction," the Court finds good cause to dispense with the requirement under EPTL 7-2.3 (b) (1) that the successor trustee appointed here be required to "give security" (id.; see generally SCPA 806; Matter of Bottomley, NYLJ, Jan. 28, 2002 at 25, col 4 [Sur Ct, Suffolk County]).